JONATHAN DUNBAR WESTON v. CAROLINA MEDICORP, INC., AND FORSYTH MEMORIAL HOSPITAL, INC., D/B/A FORSYTH MEMORIAL HOSPITAL

No. 9321SC229

(Filed 18 January 1994)

1. **Constitutional Law § 88 (NCI4th); Appeal and Error § 555 (NCI4th)— race discrimination alleged—relitigation precluded based on doctrine of the law of the case**

    Even if the Civil Rights Act of 1991 did apply to plaintiff, he was prevented from relitigating the issue of race discrimination in his dismissal from the staff of defendant hospital based on the doctrine of the law of the case.

    **Am Jur 2d, Appeal and Error §§ 744 et seq.; Civil Rights §§ 3, 4.**

    **Erroneous decision as law of the case on subsequent appellate review. 87 ALR2d 271.**

2. **Hospitals and Medical Facilities or Institutions § 39 (NCI4th)— rejection of "captain of the ship doctrine"—no applicability to defendant's case—no relief from judgment**

    There was no merit to plaintiff's contention that the Court's rejection of the "captain of the ship doctrine" in Harris v. Miller, 103 N.C.App. 312, entitled him to relief from judgment in his action alleging that defendants violated his right to due process and racially discriminated against him in revoking his staff privileges at defendant hospital, since defendant repeatedly engaged in conduct which led to a recommendation that, because plaintiff's medical judgment was impaired, his staff privileges should be revoked so as to protect his patients from risk of harm.

    **Am Jur 2d, Hospitals and Asylums §§ 8 et seq.**

    **Exclusion of or discrimination against physician or surgeon by hospital. 37 ALR3d 645.**

Appeal by plaintiff from order signed 28 August 1992 in Forsyth County Superior Court by Judge W. Douglas Albright denying plaintiff's motion to set aside the judgment. Heard in the Court of Appeals 8 December 1993.

WESTON v. CAROLINA MEDICORP, INC.

[113 N.C. App. 415 (1994)]

In April 1988, plaintiff was suspended from the medical staff of Forsyth Memorial Hospital for violating the hospital policy which requires a physician admitting a patient with HIV infection to identify the patient to other health care providers as being potentially infectious. In 1989, plaintiff was summarily suspended from the medical staff because of various incidents which raised questions concerning whether plaintiff should continue to be allowed staff privileges. Plaintiff appealed the summary suspension to the Executive Committee and to the hospital's Board of Trustees. Both bodies affirmed the suspension pending a full investigation. After an investigation, the Executive Committee recommended that plaintiff's staff privileges be revoked because the Executive Committee found that plaintiff's medical judgment was impaired and that revocation of his staff privileges was necessary to protect patients from the risk of harm. The hospital's Board of Trustees subsequently revoked plaintiff's staff privileges.

On 21 October 1988, plaintiff filed this action alleging that defendants violated his right to due process under the North Carolina Constitution and the Constitution of the United States by suspending and revoking his staff privileges and racially discriminated against him in violation of 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the First and Fourteenth Amendments to the United States Constitution. The trial court entered judgment in favor of defendants, and, on appeal to this Court, we affirmed. *Weston v. Carolina Medicorp, Inc.*, 102 N.C. App. 370, 402 S.E.2d 653 (1991). Our Supreme Court dismissed plaintiff's appeal and denied his petition for discretionary review. *Weston v. Carolina Medicorp, Inc.*, 330 N.C. 123, 409 S.E.2d 611 (1991).

On 25 February 1992, plaintiff filed a motion to set aside the judgment and for a new trial pursuant to Rule 60(b)(6) of the North Carolina Rules of Civil Procedure. On 28 August 1992, the trial court entered an order denying plaintiff's motion. Plaintiff appeals from that order to this Court.

*Kennedy, Kennedy, Kennedy & Kennedy, by Harvey L. Kennedy and Harold L. Kennedy, III, for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, by Anthony H. Brett, Dale E. Nimmo, and Joel M. Leander, for defendants-appellees.*

WELLS, Judge.

[1] Plaintiff argues in his first assignment of error that the trial court erred in denying his motion to set aside the judgment and award him a new trial pursuant to Rule 60(b)(6) of the North Carolina Rules of Civil Procedure. Plaintiff contends that the Civil Rights Act of 1991 (the Act) applies retroactively to his claim so as to entitle him to relief from judgment. We disagree.

The Act was signed into law on 21 November 1991. Pub. L. No. 102-166, 105 Stat. 1071 (1991). In section 3 of the Act, Congress stated that one of the purposes of the Act was "to respond to recent decisions of the Supreme Court by expanding the scope of relevant civil rights statutes in order to provide adequate protection to victims of discrimination." Section 101 of the Act prohibits all racial discrimination in the making and enforcement of contracts, and, in response to *Patterson v. McLean Credit Union*, 491 U.S. 164, 105 L. Ed. 2d 132 (1989), section 101 of the Act provides that "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b) (1991).

Even if the Act did apply retroactively to plaintiff's claim, plaintiff is prevented from relitigating the issue of race discrimination based on the doctrine of the law of the case. According to the doctrine of the law of the case, once an appellate court has ruled on a question, that decision becomes the law of the case and governs the question both in subsequent proceedings in a trial court and on subsequent appeal. *Transportation, Inc. v. Strick Corp.*, 286 N.C. 235, 210 S.E.2d 181 (1974). *See also NCNB v. Virginia Carolina Builders*, 307 N.C. 563, 299 S.E.2d 629 (1983).

When the trial court entered judgment against plaintiff, the trial court made the following finding of fact: "The actions taken by the Hospital in summarily suspending and revoking plaintiff's staff privileges were not taken on account of his race. Dr. Weston's race played no role in the proceedings." On his first appeal to this Court, we held that "plaintiff's assignments of error with regard to the findings of fact [were] . . . ineffective to challenge the sufficiency of the evidence to support the findings under the 'any competent evidence standard' of appellate review" and that "the trial court's findings of fact [were] conclusive on this appeal." *Weston, supra.*

WESTON v. CAROLINA MEDICORP, INC.

[113 N.C. App. 415 (1994)]

The prior decision of this Court is the law of the case and as such is binding upon this panel. Plaintiff therefore is foreclosed from relitigating the question of race discrimination in this or any other subsequent proceeding. Furthermore, under general rules of estoppel by judgment, plaintiff is similarly precluded from relitigating an issue adversely determined against him. *Poindexter v. First Nat'l Bank*, 247 N.C. 606, 101 S.E.2d 682 (1958).

[2] Plaintiff next argues that the trial court erred in denying his motion to set aside the judgment because there occurred a change in the law as announced by this Court in the case of *Harris v. Miller*, 103 N.C. App. 312, 407 S.E.2d 556, *rev. granted*, 329 N.C. 788, 408 S.E.2d 520 (1991). We disagree.

In *Harris*, we rejected the "captain of the ship doctrine" which plaintiff contends was relied upon by the trial court in ruling against him. Plaintiff argues that our rejection of the "captain of the ship doctrine" in *Harris* entitles him to relief from judgment.

In support of this argument, plaintiff makes the following statement in his brief: "In the present case, Dr. Weston had his staff privileges revoked *mainly* because of the actions of the anesthesiologist in overloading [a] myomectomy patient with fluid." (Emphasis added). This statement is a gross distortion of the findings made by the trial court in the original judgment. Those findings reflect a history of repeated conduct on the part of Dr. Weston which, as we have noted earlier, required the Executive Committee to recommend that, because his medical judgment was impaired, his staff privileges be revoked so as to protect his patients from a risk of harm. Under these circumstances, the *Harris* rule has no application which would require the trial court to grant plaintiff's motion.

Our determination is that the trial court's denial was not a discretionary ruling but one which was required by the doctrine of the law of the case and issue preclusion. The order of the trial court is

Affirmed.

Chief Judge ARNOLD and Judge EAGLES concur.