**IN RE T.L.T.**

[170 N.C. App. 430 (2005)]

IN THE MATTER OF: T.L.T.

No. COA04-1084

(Filed 17 May 2005)

**Termination of Parental Rights— failure to file order within time period—juvenile custody**

The trial court erred by failing to enter its order terminating respondent mother's parental rights within the time period required by N.C.G.S. §§ 7B-1109 and 7B-1110 and the case is remanded for a new trial, because: (1) the trial court did not enter the termination order until seven months after the conclusion of the termination hearing, and respondent was prevented from filing a proper appeal with the Court of Appeals during that time; (2) the trial court's delay of its entry of the order ran counter to the legislative intent in enacting the thirty-day requirement which was to provide for the quick and speedy resolution of juvenile cases where juvenile custody is an issue; and (3) the failure to enter the order in a timely manner affected not only respondent, but also the minor child, his foster parents, and his potential adoptive parents.

Appeal by respondent from order entered 10 June 2003 by Judge William C. Kluttz, Jr., in Rowan County District Court. Heard in the Court of Appeals 14 April 2005.

*E. Blake Evans and David B. Wilson for petitioner-appellee Rowan County Department of Social Services.*

*Paul F. Herzog for respondent-appellant.*

TIMMONS-GOODSON, Judge.

Respondent-mother appeals the trial court order terminating her parental rights to her minor son, Thomas.[1] Because we conclude that the trial court erred by failing to enter its order within the time period required by N.C. Gen. Stat. §§ 7B-1109 and 7B-1110, we reverse the trial court order and remand the case for a new trial.

The facts and procedural history pertinent to the instant appeal are as follows: On 12 February 2002, Rowan County Department of

---

1. For the purposes of this opinion, we will refer to the minor child by the pseudonym "Thomas."

**IN RE T.L.T.**

[170 N.C. App. 430 (2005)]

Social Services ("petitioner") filed a petition to terminate respondent's parental rights to Thomas. The petition alleged that sufficient grounds exist to terminate respondent's parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(1), (2), (3), (6), and (8). On 15 November 2002, the trial court held a hearing on the matter. After receiving evidence and hearing argument from both parties, the trial court concluded that sufficient grounds exist to terminate respondent's parental rights to Thomas, and that it was in Thomas' best interests to do so. The trial court thereafter entered an order terminating respondent's parental rights to Thomas on 10 June 2003. Respondent appeals.

The dispositive issue on appeal is whether the trial court erred by failing to enter its order within the time period prescribed by N.C. Gen. Stat. §§ 7B-1109 and 7B-1110. N.C. Gen. Stat. § 7B-1109 (2003) provides as follows:

(e) The court shall take evidence, find the facts, and shall adjudicate the existence or nonexistence of any of the circumstances set forth in G.S. 7B-1111 which authorize the termination of parental rights of the respondent. The adjudicatory order shall be reduced to writing, signed, and entered no later than 30 days following the completion of the termination of parental rights hearing.

Similarly, N.C. Gen. Stat. § 7B-1110 (2003) provides as follows:

(a) Should the court determine that any one or more of the conditions authorizing a termination of the parental rights of a parent exist, the court shall issue an order terminating the parental rights of such parent with respect to the juvenile unless the court shall further determine that the best interests of the juvenile require that the parental rights of the parent not be terminated. Any order shall be reduced to writing, signed, and entered no later than 30 days following the completion of the termination of parental rights hearing.

This Court has previously declined to vacate a trial court order entered outside these statutory time frames, concluding that no compelling reason exists to vacate the order where the respondent is unable to demonstrate that he has "suffered any prejudice by the trial court's delay." *In re J.L.K.*, 165 N.C. App. 311, 316, 598 S.E.2d 387, 391 (2004). However, noting that the above-detailed provisions of N.C. Gen. Stat. §§ 7B-1109 and 7B-1110 were drafted to protect the rights

**IN RE T.L.T.**

[170 N.C. App. 430 (2005)]

of each party to a termination proceeding, we have more recently found prejudice and reversed a trial court's termination order where the order was entered approximately six months after the conclusion of the termination hearing. *In re L.E.B.*, 169 N.C. App. 375, —— S.E.2d —— (April 5, 2005) (No. COA04-463).

In the instant case, as detailed above, the trial court entered its order approximately seven months after the conclusion of the termination hearing. Respondent argues that she was prejudiced by this delay in that during the time period following the hearing but prior to the entry of the termination order, she had no right to seek visitation with her child or pursue her appeal of the trial court's determination. We note that respondent gave oral notice of appeal on 15 November 2002, following the trial court's bench determination that sufficient grounds exist to terminate respondent's parental rights. However, we also note that N.C. Gen. Stat. § 7B-1113 (2003) provides that a party to a termination proceeding may appeal from an adjudication or disposition order only if "notice of appeal is given in writing within 10 days after entry of the order." Thus, respondent was prevented from filing a proper appeal with this Court until seven months after the conclusion of the termination hearing. Furthermore, we also note that the trial court's delay of its entry of the order ran counter to the legislative intent in enacting the thirty-day requirement: to provide for the quick and speedy resolution of juvenile cases where juvenile custody is at issue. *L.E.B.*, 169 N.C. App. at 380, —— S.E.2d at ——. In the instant case, pending this Court's determination of the appeal, Thomas remained in petitioner's custody, and subsequent court proceedings involving Thomas were limited to those "temporary" orders authorized by N.C. Gen. Stat. § 7B-1113. Therefore, as we recognized in *L.E.B.*, the trial court's failure to enter its termination order in a timely manner affected not only respondent, but also Thomas, his foster parents, and his potential adoptive parents.

In light of the foregoing, we hold that the trial court erred by failing to enter its termination order within the prescribed time period. Accordingly, we reverse the trial court order and remand the case for a new trial.

Reversed and remanded.

Judges CALABRIA and GEER concur.