**IN RE S.B.M.**

[173 N.C. App. 634 (2005)]

IN THE MATTER OF S.B.M.

No. COA05-71

(Filed 4 October 2005)

**1. Termination of Parental Rights— delay between hearing and order—no prejudice**

There was no prejudice from a five-month delay between a termination hearing and the order terminating respondent's parental rights where he argued that the delay interfered with his relationship with his daughter in light of a potentially long incarceration on a pending criminal charge, but he was continuously incarcerated awaiting trial since before the termination hearing.

**2. Termination of Parental Rights— findings—unappealed finding sufficient**

Although respondent contends that two of the three grounds for termination of his parental rights were not supported by the evidence, the conclusion of law to which he did not assign error was sufficient to terminate his parental rights. Arguments concerning the other findings were not considered.

**3. Termination of Parental Rights— termination in best interest of child—no abuse of discretion**

The trial court did not abuse its discretion by concluding that termination of respondent's parental rights was in the best interests of the child based on its findings.

Appeals by respondent-father from an order filed 27 July 2004 by Judge Richard G. Chaney in Durham County District Court. Heard in the Court of Appeals 24 August 2005.

*Cathy L. Moore for petitioner-appellee Durham County Department of Social Services.*

*Wendy C. Sotolongo, for the juvenile.*

*Carol Ann Bauer, for respondent-appellant/father.*

STEELMAN, Judge.

Respondent is the father of minor child S.B.M., who was adjudicated to be a neglected child on 21 February 2000 and placed in the custody of the Department of Social Services. Respondent is a con-

victed child sex offender, and was in and out of prison between the adjudication of neglect on 21 February 2000 and the filing of the order terminating his parental rights filed 27 July 2004. Respondent has been continuously incarcerated since November of 2003. Between February of 2000 and July of 2004, during the times when he was not incarcerated, respondent failed to attend certain hearings related to this action though he had the opportunity to attend; he failed to attend court-ordered sex offender treatment; he failed to retain stable housing; although he was working various jobs for much of the time he was not incarcerated, he provided almost no support to the child; he failed to keep appointments concerning the child; and his last contact with the child was in December of 2002, nearly a full year before he was last incarcerated.

On 18 February 2004 the trial court announced in open court its order terminating respondent's parental rights, but did not sign and file the written order until 22 July 2004. From this written order terminating his parental rights, respondent appeals.

[1] In his first argument, respondent contends that because of the trial court's failure to file its order terminating his parental rights within the thirty day period established by N.C. Gen. Stat. § 7B-1110(a), we should reverse that order and remand to the trial court for a new proceeding. We disagree.

N.C. Gen. Stat. § 7B-1110(a) states:

Should the court determine that any one or more of the conditions authorizing a termination of the parental rights of a parent exist, the court shall issue an order terminating the parental rights of such parent with respect to the juvenile unless the court shall further determine that the best interests of the juvenile require that the parental rights of the parent not be terminated. *Any order shall be reduced to writing, signed, and entered no later than 30 days following the completion of the termination of parental rights hearing.*

(emphasis added). In order for respondent to obtain a new trial based on the trial court's failure to file the order terminating his parental rights in a timely fashion, he must show prejudice. *In re P.L.P.,* 173 N.C. App. 1, 7, 618 S.E.2d 241, 245 (2005) (filed 6 September 2005); *In re J.L.K.,* 165 N.C. App. 311, 316, 598 S.E.2d 387, 391 (2004), *rev. denied,* 359 N.C. 68, 604 S.E.2d 314 (2004). This Court has been more likely to find prejudice as the length of the delay increases, *In re*

*L.E.B.*, 169 N.C. App. 375, 610 S.E.2d 424 (2005); *In re T.L.T.*, 170 N.C. App. 430, 612 S.E.2d 436 (2005), but this Court has consistently declined to adopt a *per se* standard even when long delays are involved. *In re P.L.P.*, 173 N.C. App. at 7, 618 S.E.2d at 245; *In re L.E.B.*, 169 N.C. App. at 378-79, 610 S.E.2d at 426.

In the instant case, the trial court filed the order terminating respondent's parental rights five months after the termination hearing. Respondent's sole argument is that this delay prejudiced him "by the delay of his right to appeal and to achieve finality in the relationship with his daughter before he faces a potentially long incarceration [from November of 2003 until the time this record on appeal was filed in January of 2005, respondent remained incarcerated in the Durham County Jail awaiting trial on charges of first-degree sex offence]." In light of respondent's continuous incarceration since before the termination hearing, we fail to find sufficient prejudice by the delay to either his right of appeal or his desire for a sense of finality to warrant a new trial. We hold that respondent has not met his burden of proving prejudice. This argument is without merit.

**[2]** In his fourth and fifth arguments, respondent contends that two of the three grounds found by the trial court as a basis for terminating his parental rights were not supported by the evidence. Respondent did not assign as error the trial court's eighth conclusion of law, which states: "The father has willfully left the child in foster care for more than twelve (12) months without showing to the satisfaction of the Court that reasonable progress under the circumstances has been made in correcting those conditions which led to the removal of the child." This conclusion of law is a sufficient basis to terminate respondent's parental rights under N.C. Gen. Stat. § 7B-1111(a)(2). Because respondent has not assigned this conclusion of law as error in the record, he has abandoned it. *Koufman v. Koufman*, 330 N.C. 93, 98, 408 S.E.2d 729, 731 (1991). A finding of any one of the grounds enumerated in N.C. Gen. Stat. § 7B-1111 is sufficient to terminate respondent's parental rights. *In re Yocum*, 158 N.C. App. 198, 204, 580 S.E.2d 399, 403-04 (2003), *aff'd*, 357 N.C. 568, 597 S.E.2d 674 (2003). Thus, we need not address defendant's arguments pertaining to the other two grounds for termination found by the trial court.

**[3]** In his sixth argument, respondent contends that the trial court abused its discretion in concluding that termination of respondent's parental rights was in the best interests of S.B.M. We disagree.

**IN RE S.B.M.**

[173 N.C. App. 634 (2005)]

Once a petitioner meets its burden of proof at the adjudicatory stage, the court's decision to terminate the parental rights is discretionary. . . . At the dispositional stage a court is *required* to issue an order of termination unless it "determine[s] that the best interests of the child require that the parental rights of such parent not be terminated." N.C.G.S. Sec. 7A-289.31(a). In determining the best interests of the child, the trial court should consider the parents' right to maintain their family unit, but if the interest of the parent conflicts with the welfare of the child, the latter should prevail.

*In re Parker,* 90 N.C. App. 423, 430-31, 368 S.E.2d 879, 884 (1988) (emphasis added). The trial court's findings of fact state, *inter alia,* the following: Respondent is a convicted sex offender, who violated his parole and was returned to prison while S.B.M. was in the custody of Department of Social Services. Respondent was permitted only supervised visits with the child, was forbidden to reside in the same house with the child, and was ordered to complete sex offender treatment, which he failed to do. Respondent's mother called 911 to report respondent's violent behavior towards her, and Department of Social Services removed the child from her care fearing that she could not protect the child from respondent. Respondent was required to maintain stable housing and employment, which he failed to do. S.B.M.'s therapist recommended against visitations between the child and respondent, and opined that respondent would need to successfully engage in individual therapy, then a minimum of six months of joint therapy with the child, before reunification could be considered. Respondent did not engage in the necessary therapy. Respondent did little to support S.B.M. while she was in the custody of Department of Social Services. Respondent's last contact with the child was in December of 2002. Finally, in the trial court's 28th finding of fact, it states: "The Department's plan is adoption by the family members who also have custody of [the child's] half-sibling twin sisters and with whom she has been placed since June 28, 2002. [S.B.M.] is doing well in this placement which is stable and she no longer requires individual or family therapy. The child wishes to be adopted by the caretakers."

Based on these findings, we cannot say that the trial court abused its discretion by refusing to conclude that termination was not in the best interests of the child. This argument is without merit.

Because we hold that respondent's parental rights were properly terminated, we do not address respondent's additional argu-

ments. Because defendant has not argued his other assignments of error in his brief, they are deemed abandoned. N.C. R. App. P. Rule 28(b)(6) (2003).

AFFIRMED.

Judges HUNTER and TYSON concur.