IN THE MATTER OF: A.N.J., A.J.T.J., R.J.M., E.J.M.
No. COA05-465
North Carolina Court of Appeals
Filed February 7, 2006
This case not for publication
New Hanover County No. 03 J 483-486.
Susan J. Hall, for respondent-appellant.
Regina Floyd-Davis, for guardian ad Litem-appellee.
STEELMAN, Judge.
New Hanover County Department of Social Services filed a petition to terminate respondent's parental rights to her minor children, A.N.J., A.J.T.J., R.J.M., E.J.M. (children), on 4 December 2003. On 28 April 2004, the trial court terminated respondent's parental rights. Respondent filed two written notices of appeal, the first one on 7 May 2004, or ten days after the termination hearing, and the second on 9 December 2004, or one day after the written order was filed.
The 6 May 2004 notice of intent to appeal stated: "Counsel for the Respondent-Mother notifies opposing counsel that the statutes direct that an order terminating parental rights be reduced to writing, signed and entered no later than 30 days from the completion of the hearing." (Bold in original). However, the trial court did not reduce this order to writing and file it until 8 December 2004, over seven months after the termination hearing.
In her second argument, respondent contends that the trial court committed error by failing to file its written order within the 30 day period mandated by N.C. Gen. Stat. § 7B-1110(a) (2004)[1]. We agree.
N.C. Gen. Stat. § 7B-1110(a) (emphasis added) states:
Should the court determine that any one or more of the conditions authorizing a termination of the parental rights of a parent exist, the court shall issue an order terminating the parental rights of such parent with respect to the juvenile unless the court shall further determine that the best interests of the juvenile require that the parental rights of the parent not be terminated. Any order shall be reduced to writing, signed, and entered no later than 30 days following the completion of the termination of parental rights hearing.

In order for respondent to obtain a new trial based on the trial court's failure to file the order terminating his parental rights in a timely fashion, he must show prejudice. In re P.L.P., __ N.C. App. __, __, 618 S.E.2d 241, 245 (2005); In re J.L.K., 165 N.C. App. 311, 316, 598 S.E.2d 387, 391 (2004), rev. denied, 359 N.C. 68, 604 S.E.2d 314 (2004). This Court has been more likely to find prejudice as the length of the delay increases, In re L.E.B., 169 N.C. App. 375, 610 S.E.2d 424, discretionary appeal denied, 359N.C. 632, 616 S.E.2d 538 (2005); In re T.L.T., __ N.C. App. __, 612 S.E.2d 436 (2005).
In the instant case, respondent was prevented from filing an appeal for over seven months. Respondent's right to supervised visitation with her children was revoked following the termination hearing. These identical facts were found by this Court in T.L.T. to constitute prejudice and to require reversal. Based on the binding precedent of this Court, we hold that the trial court erred by failing to enter its termination order within the prescribed time period. Accordingly, we reverse the trial court order and remand the case for a new trial.
REVERSED AND REMANDED.
Chief Judge MARTIN and Judge McGEE concur.
Report per Rule 30(e).
NOTES
[1] We note that this section was amended effective 1 October 2005. The instant case is decided under the prior version of this section.