628 S.E.2d 31 (2006)
In the Matter of D.S., S.S., F.S., M.M., M.S.
No. COA05-977.
Court of Appeals of North Carolina.
April 4, 2006.
No brief filed, for petitioner-appellee New Hanover County Department of Social Services.
Womble Carlyle Sandridge & Rice, PLLC, by Murray C. Greason, III, Winston-Salem, for petitioner-appellee Guardian ad Litem.
Lisa Skinner Lefler, Wilmington, for respondent-appellant.
*32 TYSON, Judge.
S.S. ("respondent") appeals from order entered terminating her parental rights to her minor children, D.S., S.S., F.S., M.M., and M.S. We reverse and remand.

I. Background
On 5 October 2001, a non-secure custody order was entered for legal custody of respondent's five minor children. Respondent's three oldest children were placed in foster care.
Respondent appeared pro se at the 8 October 2001 hearing on the need for continued non-secure custody of the three oldest children. Respondent denied allegations of neglect and asserted it was in her children's best interests to reside in her home or in the home of her children's great grandparents. Respondent requested assistance of counsel. The court ordered the three oldest children remain in non-secure custody of the New Hanover County Department of Social Services ("DSS").
On 13 December 2001, the adjudication hearing was held. Respondent was represented by counsel. The court concluded respondent's five children were neglected and dependent.
A review hearing was held on 7 March 2002. The court permitted the return of respondent's two youngest children to her home. Respondent's three oldest children remained in non-secure custody.
On 23 May 2002, the court convened a hearing for review of the prior order. To reunify her family, respondent was ordered to: (1) complete her GED; (2) satisfy the requirements of the Work First Program; (3) obtain a psychological evaluation; and (4) cooperate with DSS to assure her children's mental health needs were met. The court concluded the legal custody of her five children remain with DSS for continued placement of her three oldest children. The court ordered the children not to be in the presence of their maternal great-grandfather.
On 15 August 2002, the court: (1) determined respondent failed to satisfy the obligations contained in the prior order; (2) granted physical custody of the two youngest children to DSS; and (3) retained the cause for a permanency planning hearing.
On 21 November 2002, the court convened a permanency planning hearing. The court concluded, "the permanent plan for the above-named children shall be adoption."
On 30 September 2003, DSS petitioned to terminate respondent's parental rights. The termination hearing was held 16 and 17 February 2004 and the court terminated respondent's parental rights. The trial court reduced its order to writing and signed it on 22 September 2004. Respondent appeals.

II. Issues
Respondent argues the trial court erred by: (1) failing to reduce its order to writing within the statutorily prescribed time limit; (2) terminating her parental rights in the absence of clear, cogent, and convincing evidence; and (3) terminating her parental rights when it was not in the best interests of the minor children.

III. Standard of Review
On appeal, our standard of review for the termination of parental rights is whether *33 the trial court's findings of fact are based upon clear, cogent and convincing evidence and whether the findings support the conclusions of law. In re Baker, 158 N.C.App. 491, 493, 581 S.E.2d 144, 146 (2003) (citations and internal quotations omitted).
The trial court's "conclusions of law are reviewable de novo on appeal." Starco, Inc. v. AMG Bonding and Ins. Servs., 124 N.C.App. 332, 336, 477 S.E.2d 211, 215 (1996).

IV. Order in Writing
Respondent argues the trial court erred when it failed to reduce its order to writing, sign, and enter it within the statutorily prescribed time period. We agree.
N.C. Gen.Stat. § 7B-1110(a) (2005) provides, "[a]ny order shall be reduced to writing, signed, and entered no later than 30 days following the completion of the termination of parental rights hearing."
This Court has previously stated that absent a showing of prejudice, the trial court's failure to reduce to writing, sign, and enter a termination order beyond the thirty day time window may be harmless error. See In re J.L.K., 165 N.C.App. 311, 315, 598 S.E.2d 387, 390 (2004) (order entered eighty-nine days after the hearing), disc. rev. denied, 359 N.C. 68, 604 S.E.2d 314 (2004).
In re L.E.B., K.T.B., 169 N.C.App. 375, 378-79, 610 S.E.2d 424, 426, disc. rev. denied, 359 N.C. 632, 616 S.E.2d 538 (2005).
This Court has held a delay of the entry of order of six months was "prejudicial to respondent-mother, the minors, and the foster parent." Id. at 380, 610 S.E.2d at 427.
Respondent-mother, the minors, and the foster parent did not receive an immediate, final decision in a life altering situation for all parties. Respondent-mother could not appeal until "entry of the order." If adoption becomes the ordered permanent plan for the minors, the foster parent must wait even longer to commence the adoption proceedings. The minors are prevented from settling into a permanent family environment until the order is entered and the time for any appeals has expired.
Id. at 379, 610 S.E.2d at 426.
Here, the termination of parental rights hearing was held on 16 and 17 February 2004. Respondent's trial counsel entered a purported notice of appeal on 8 June 2004 and formally requested the trial court reduce its order to writing, sign, and enter it. The trial court reduced its order to writing in September 2004. Although the file-stamp on the termination order is illegible on the copy in the record on appeal and on the original in the office of the New Hanover County Clerk of Superior Court, the trial court's signature line is preceded by a date line. The trial court marked the date line as "22 September 2004." The order could not have been entered prior to that date. Id. The trial court failed to reduce its order to writing until approximately seven months after the termination hearing.
Respondent argues the delay prejudiced all members of the family involved, as well as the foster and adoptive parents. By failing to reduce its order to writing within the statutorily prescribed time period, "the parent and child have lost time together, the foster parents are in a state of flux, and the adoptive parents are not able to complete their family plan." "The delay of over six months to enter the adjudication and disposition order terminating respondent-mother's parental rights prejudiced all parties, not just respondent-mother." Id. at 380, 610 S.E.2d at 427.
"This late entry is a clear and egregious violation of both N.C. Gen.Stat. § 7B-1109(e), N.C. Gen.Stat. § 1110(a), and this Court's well-established interpretation of the General Assembly's use of the word `shall.'" Id. at 378, 610 S.E.2d at 426.

V. Conclusion
The trial court erred when it failed to reduce its order terminating respondent's parental rights to writing and enter it within the statutorily prescribed time limit. See In re T.L.T., 170 N.C.App. 430, 432, 612 S.E.2d 436, 438 (2005) ("[T]he trial court entered its order approximately seven months after the conclusion of the termination hearing.... *34 Therefore, as we recognized in In re L.E.B., the trial court's failure to enter its termination order in a timely manner affected not only respondent, but also Thomas, his foster parents, and his potential adoptive parents."). This trial court's order is reversed, and this case is remanded. In light of our decision, we do not address respondent's remaining assignments of error.
Reversed and remanded.
Judges McCULLOUGH and LEVINSON concur.