631 S.E.2d 19 (2006)
In re T.S., III and S.M.
No. COA05-765.
Court of Appeals of North Carolina.
June 20, 2006.
Anthony H. Morris, Greenville, for petitioner-appellee.
Wanda Naylor, Greenville, for Guardian ad litem.
Richard E. Jester, Louisburg, for respondent-appellant.
*21 HUDSON, Judge.
In July 2001, the Pitt County Department of Social Services ("DSS") filed a petition alleging that respondent mother's children, T.S., III, and S.M., were neglected and dependent. DSS took the children into protective custody. On 22 January 2002, the trial court adjudicated the children neglected and dependent. Respondent appealed and on 20 April 2004, this Court remanded the case to the trial court "with instructions to make ultimate findings of fact based on the evidence and to enter clear and specific conclusions of law based on the findings of fact." In re T.S., Ill, & S.M., 163 N.C.App. 783, 595 S.E.2d 239 (2004) (unpublished). The trial court heard the matter on 13 May 2004. DSS submitted a proposed order, but respondent objected to the order and the court held the matter open for the parties to submit proposed findings or objections on or before 14 June 2004. None of the parties submitted any additional proposed findings and the trial court entered its order on 18 October 2004, concluding that the children were neglected and ordering continued legal custody with DSS. Respondent appeals. We affirm the trial court.
The record shows that in March 2001, DSS began investigating respondent's home because of reports of domestic violence. Respondent's partner, T.S., T.S. III's father, struck respondent and she retaliated by cutting his arm with a knife. He then locked respondent in a closet. The children were present during the altercation and S.M. hid under a table. On a subsequent visit, a DSS worker found the home in disarray as a result of domestic violence the previous night, which had also occurred in the presence of the children.
In June 2001, police stopped T.S's car, acting on a tip that he was selling drugs. Respondent and the children were also in the car. The police did not find drugs in the car, but later found twenty doses of cocaine in T.S.'s rectum and a handgun in the home. When the police stopped the car, the children were not in car seats as required by law. Respondent became combative to the point of being arrested for disorderly conduct. In July 2001, DSS workers visited the home again and respondent denied the workers access to the children, told them to leave, and stated that she would not sign a case plan to deal with the problems in the home.
The record also indicates that respondent used cocaine while pregnant with S.M., that she smoked marijuana in July 2001, and that she refused to take drug screens requested by DSS. T.S. has drug-related convictions in New York and North Carolina and is known as a drug dealer among law enforcement officers. The children's grandparents corroborated reports of domestic violence and drug abuse occurring in the home.
Respondent first asserts that the trial court erred in not dismissing the petition *22 because the petitioners did not present sufficient evidence and that the trial court's findings of fact are not supported by evidence and these findings do not support the conclusions of law. We note that although respondent states in the heading for her first question presented that the court erred in not dismissing the petition, she fails to adequately argue this point in her brief and we conclude that she abandoned this argument. N.C. R.App. P. 28(b)(6) (2004). Thus, we turn to respondent's contention that the trial court's findings of fact are not supported by evidence and that the findings do not support the conclusions of law.
When reviewing an adjudication of neglect, we must determine whether the trial court's findings of fact are supported by clear and convincing evidence and, in turn, whether these findings of fact support the trial court's conclusions of law. In re Gleisner, 141 N.C.App. 475, 480, 539 S.E.2d 362, 365 (2000). N.C. Gen.Stat. § 7B-101 defines a "neglected juvenile," in pertinent part, as
[a] juvenile who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; or who has been abandoned; or who is not provided necessary medical care; or who is not provided necessary remedial care; or who lives in an environment injurious to the juvenile's welfare.
N.C. Gen.Stat. § 7B-101(15) (2001). It is well-established that the trial court need not wait for actual harm to occur to the child if there is a substantial risk of harm to the child in the home. See In re Helms, 127 N.C.App. 505, 512, 491 S.E.2d 672, 676 (1997).
Respondent objects to several findings of fact on the grounds that they were not contained in the original order entered 22 January 2002. This Court remanded the matter to the trial court "with instructions to make ultimate findings of fact based on the evidence and to enter clear and specific conclusions of law based on the findings of fact." T.S., Ill, & S.M., 163 N.C.App. 783, 595 S.E.2d 239. Our careful review of the record reveals that on remand the trial court made such findings, supported by clear and convincing evidence of record, and we conclude that respondent's objection to these findings lacks merit. Respondent's arguments regarding the remaining findings of fact do not challenge the findings on the basis that they are not supported by evidence. Instead, respondent attempts to explain her behavior and to argue that certain findings are irrelevant or do not support a conclusion that the children were neglected. Again, our careful review of the record reveals that all of the challenged findings of fact are supported by clear and convincing evidence.
Respondent argues that the findings do not support the conclusion that the children were neglected because they do not show that the children were at a substantial risk of impairment as a result of improper care or supervision. We disagree. The court made findings that the children were subjected to acts of domestic violence, that respondent abused illegal substances, that during a police stop the children were not in carseats and respondent's angry outburst in the presence of the children led to her arrest, that respondent threatened a social worker in front of the children, that a firearm was found in the home of respondent and T.S., both of whom were convicted felons, and that respondent refused to cooperate with DSS's efforts to improve the problems in the home. This court remanded to the trial court, in part, because the original order "made no reference to the statutory basis for its conclusion, nor did it cite any one incident or a series of incidents as a basis for its determination of neglect." On remand, the court made the following relevant conclusions of law:
1. That the juveniles are neglected pursuant to North Carolina General Statute 7B-101(15) in that they were not provided proper care and supervision by their parents; and they lived in an environment injurious to the juveniles' welfare by subjecting the children to acts of domestic violence and continuing to cohabitate in an abusive environment, by committing acts of violence toward police officials in the presence of the minor children; by abusing illegal substances, by refusing to submit to drug screens; by allowing the children ages 4 and 1 to ride unrestrained in a *23 motor vehicle, by using threatening behavior toward social workers and police officers in front of the children and by having a firearm in their home in the presence of minor children while both respondents were convicted felons which was severe and dangerous conduct potentially causing physical, mental and emotional injury to the minor children.
2. Several instances of serious domestic violence; illegal drug activity; illegal possession of a firearm; and repeated violent and angry outbursts in the presence of the children contributed to this injurious environment.
3. The juveniles were at a substantial risk of physical and emotional harm in the presence of the domestic violence between the respondent parents and the angry outbursts of the respondent mother.
4. That the juveniles did not receive proper care and supervision by their parents.
We conclude that the trial court's findings support these conclusions of law and, likewise, that the order satisfies this Court's directive on remand.
Respondent next contends that the court erred in using hearsay evidence to make its findings. Respondent contends that the trial court incorrectly considered hearsay testimony of a social worker about S.M.'s statements to her. However, respondent concedes that this Court has already addressed this matter, concluding that respondent waived this argument because trial counsel failed to object. In re T.S., Ill., & S.M., 163 N.C.App. 783, 595 S.E.2d 239 (2004). We will not review a matter already reviewed and ruled upon by this Court. See Weston v. Carolina Medicorp, Inc., 113 N.C.App. 415, 417, 438 S.E.2d 751, 753 (1994) ("[O]nce an appellate court has ruled on a question, that decision becomes the law of the case and governs the question both in subsequent proceedings in a trial court and on subsequent appeal"). Respondent also argues that if the hearsay argument was waived by trial counsel's failure to object at trial, that this constituted ineffective assistance of counsel. Respondent did not assign as error ineffective assistance of counsel, so this argument is not properly before us. N.C. R.App. P. 10(c)(1) (2004).
Respondent also contends that the trial court erred in exercising jurisdiction over the case before such jurisdiction had been returned to the trial court from the Court of Appeals. Respondent correctly asserts that two courts cannot have jurisdiction over the same order at the same time. N.C. Gen.Stat. § 1-294 (2003). N.C. Gen.Stat. § 1-294 "stays all further proceedings" pending appeal. On 20 April 2004, this Court filed In re T.S., Ill, & S.M., 163 N.C.App. 783, 595 S.E.2d 239. However, the judgment remanding the case was not certified to the district court until 10 May 2004. On 29 April 2004, after the Court of Appeals filed its opinion but before the judgment was certified, the district court set the case for hearing and sent notice of hearing to respondent. The district court held the hearing on 13 May 2004. Defendant cites no authority holding that noticing a matter constitutes the exercise of jurisdiction. See N.C. R.App. P. 28(b)(6) (2005). We conclude that this argument lacks merit.
In her final argument, respondent contends that the trial court erred in failing to enter its written order in a timely manner and as required by law. The court held a hearing on 13 May 2004 and the order was not entered until 15 October 2004. N.C. Gen.Stat. § 7B-905(a) states, in pertinent part: "The dispositional order shall be in writing, signed, and entered no later than 30 days from the completion of the hearing, and shall contain appropriate findings of fact and conclusions of law." Id. This Court has addressed violations of statutory time limits in juvenile cases on a case-by-case basis. Recently, in In re S.N.H., the Court summarized our recent cases on this issue as follows:
[T]his Court has held that a trial court's violation of statutory time limits in a juvenile case is not reversible error per se. In re C.J.B., 171 N.C.App. 132, 134, 614 S.E.2d 368, 369 (2005); In re L.E.B., 169 N.C.App. 375, 378-79, 610 S.E.2d 424, 426 (2005); In re B.M., 168 N.C.App. 350, 354, 607 S.E.2d 698, 701 (2005); In re J.L.K., *24 165 N.C.App. 311, 315-16, 598 S.E.2d 387, 390-91, disc. review denied, 359 N.C. 68, 604 S.E.2d 314 (2004). Rather, we have held that the complaining party must appropriately articulate the prejudice arising from the delay in order to justify reversal. In re As.L.G., 173 N.C.App. 551, 619 S.E.2d 561, 565 (2005). See C.J.B., 171 N.C.App. 132 at 134, 614 S.E.2d at 369 (finding respondent adequately articulated the prejudice arising from the delay in the entry of the order where records and transcripts were missing and irretrievable and the respondent's appellate counsel was unable to reconstruct the trial court proceedings).... The passage of time alone is not enough to show prejudice, although this Court has recently noted that the "longer the delay in entry of the order beyond the thirty-day deadline, the more likely prejudice will be readily apparent." C.J.B., 171 N.C.App. at 135, 614 S.E.2d at 370. Compare L.E.B., 169 N.C.App. at 379, 610 S.E.2d at 426 (holding six month delay was "highly prejudicial"), and In re T.L.T., 170 N.C.App. 430, 432, 612 S.E.2d 436, 438 (2005) (holding respondent prejudiced by a seven month delay), with J.L.K., 165 N.C.App. at 315, 598 S.E.2d at 390-91 (2004) (holding that absent a showing of prejudice, a delay of eighty-nine days alone was not reversible error), and In re A.D.L., 169 N.C.App. 701, 705-06, 612 S.E.2d 639, 642 (finding no prejudice where order was entered forty-five days after hearing), disc. review denied, 359 N.C. 852, 619 S.E.2d 402 (2005).
S.N.H., ___ N.C.App. ___, ___, 627 S.E.2d 510, 513 (2006) (holding that two-and-a-half month delay was not prejudicial). Here, respondent contends that she was prejudiced by the trial court's delay in entering its order, arguing that she "been kept away from [the children] without just cause," and that "the court's delay was very hard for [respondent]." We conclude that these assertions, without more, do not establish that the delay prejudiced respondent. Indeed, we conclude that the delay did not preclude the reunification of the children and respondent.
N.C. Gen.Stat. § 7B-906(a) (2003) provides for review hearings within 90 days of the dispositional hearing (not the order) and within 6 months thereafter. Id. A parent may request a review hearing and "[t]he court may not waive or refuse to conduct a review hearing if a party files a motion seeking the review." N.C. Gen.Stat. § 7B-906(b)(5) (2003). N.C. Gen.Stat. § 7B-1003(b)(2) (2003) allows the district court to conduct these hearings pending appeal and to place the child as the court finds in the best interests of the juvenile. Id. Thus, we conclude that neither the pendency of the order, nor the appeal deprived respondent of reunification with the children. If respondent had complied with the order  including remaining drug free, maintaining stable housing, not driving the children without a proper driver's license, attending domestic violence programs, completing parenting classes, and addressing anger management issues  she could have requested a review hearing and sought custody of her children.
We also note that it is well-established that in abuse, neglect, and dependency proceedings under Chapter 7B, "if the interest of the parent conflicts with the welfare of the child, the latter should prevail. Thus, in this context, the child's best interests are paramount, not the rights of the parent." In re T.K., 171 N.C.App. 35, 39, 613 S.E.2d 739, 741, aff'd, 360 N.C. 163, 622 S.E.2d 494 (2005) (internal citations and quotation marks omitted). See also In re S.B.M., 173 N.C.App. 634, 635 619 S.E.2d 583 (2005); In re Pittman, 149 N.C.App. 756, 761, 561 S.E.2d 560, 564, disc. review denied, 356 N.C. 163, 568 S.E.2d 608 (2002), cert. denied, 538 U.S. 982, 123 S.Ct. 1799, 155 L.Ed.2d 673 (2003). Furthermore,
the General Assembly's intent was to provide parties with a speedy resolution of cases where juvenile custody is at issue. Therefore, holding that the adjudication and disposition orders should be reversed simply because they were untimely filed would only aid in further delaying a determination regarding [the children's] custody because juvenile petitions would have to be re-filed and new hearings conducted.
In re E.N.S., 164 N.C.App. 146, 153, 595 S.E.2d 167, 172 (2004).
Affirmed.
*25 Judge GEER concurs.
Judge TYSON dissents in a separate opinion.
TYSON, Judge, dissenting.
The majority's opinion erroneously affirms the trial court's order, which adjudicates respondent's minor children to be neglected and holds she failed to establish the trial court's excessive delay in reducing to writing and entering its order prejudiced her. I respectfully dissent.

I. Late Entry of Order
N.C. Gen.Stat. § 7B-905(a) (2005) mandates, "The dispositional order shall be in writing, signed, and entered no later than 30 days from the completion of the hearing, and shall contain appropriate findings of fact and conclusions of law." (Emphasis supplied).
Although we stated, "[a] trial court's violation of statutory time limits in a juvenile case is not reversible error per se ... [T]he complaining party [who] appropriately articulate[s] the prejudice arising from the delay... [does] justify reversal." In re S.N. H., ___ N.C.App. ___, ___, 627 S.E.2d 510, 513 (2006). While "[t]he passage of time alone is not enough to show prejudice, ... [we] recently [held] the `longer the delay in entry of the order beyond the thirty-day deadline, the more likely prejudice will be readily apparent.'" Id. at ___, 627 S.E.2d at 513-14 (quoting In re C.J.B., 171 N.C.App. 132, 135, 614 S.E.2d 368, 370 (2005)).
This Court has repeatedly reversed orders terminating the respondent's parental rights due to prejudice to the respondent, the children, and the parties resulting from the trial court's late entry of its order. In re D.S., ___ N.C.App. ___, ___, 628 S.E.2d 31, 33 (2006). This Court stated in In re D.S.:
Respondent argues the delay prejudiced all members of the family involved, as well as the foster and adoptive parents. By failing to reduce its order to writing within the statutorily prescribed [30 day] time period, the parent and child have lost time together, the foster parents are in a state of flux, and the adoptive parents are not able to complete their family plan. The delay of over six months to enter the adjudication and disposition order terminating respondent-mother's parental rights prejudiced all parties, not just respondent-mother.
___ N.C.App. at ___, 628 S.E.2d at 33 (internal quotations and citations omitted).
This Court held a delay in the entry of an order of six months was "[highly] prejudicial to respondent-mother, the minors, and the foster parent." In re L.E.B., K.T.B., 169 N.C.App. 375, 380, 610 S.E.2d 424, 427, disc. rev. denied, 359 N.C. 632, 616 S.E.2d 538 (2005). Prejudice to the respondent, her children, and all parties involved is clear when:
Respondent-mother, the minors, and the foster parent did not receive an immediate, final decision in a life altering situation for all parties. Respondent-mother could not appeal until entry of the order. If adoption becomes the ordered permanent plan for the minors, the foster parent must wait even longer to commence the adoption proceedings. The minors are prevented from settling into a permanent family environment until the order is entered and the time for any appeals has expired.
Id. at 379, 610 S.E.2d at 426-27 (internal quotations and citation omitted).
The majority's opinion quotes In re E.N.S., 164 N.C.App. 146, 153, 595 S.E.2d 167, 172, disc. rev. denied, 359 N.C. 189, 606 S.E.2d 903 (2004), which was decided prior to In re L.E.B. and its progeny and states, "holding that the adjudication and disposition orders should be reversed simply because they were untimely filed would only aid in further delaying a determination regarding [the children's] custody." This Court more recently stated, "prejudice, if clearly shown by a party" is not "something to ignore solely because the remedy of reversal further exacerbates the delay." In re As.L.G., 173 N.C.App. 551, 554, 619 S.E.2d 561, 564 (2005), aff'd, 360 N.C. 476, 628 S.E.2d 760 (2006).
Here, after remand from the first appeal on 10 May 2004, the trial court held an informational hearing on 13 May 2004 and ordered its order be entered on 14 June *26 2004. The court failed to reduce to writing and enter its order until over five months later on 15 October 2004. Respondent specifically argues the prejudice that resulted from the incessant delays and late entry of the order:
Between May and October 2004, [respondent] spent yet [an] additional [five] months without contact with her children... [respondent] has been severely prejudiced by this delay. The entire case history, and DSS's completely incompetent response to a person with oppositional defiant disorder has created a situation in which a mother who never harmed her children, nor allowed anyone to harm her children, has been kept away from them without just cause ... The mother has been cut off from her children ... and the Court's delay was very hard for [respondent].
The majority's opinion concludes, "these assertions, without more, do not establish that the delay prejudiced respondent." Upon similar allegations, this Court has repeatedly found prejudice to exist in many cases, with facts analogous to those here. See In re D.S., ___ N.C.App. at ___, 628 S.E.2d at 33 (The trial court's entry seven months after the termination was a clear and egregious violation of N.C. Gen.Stat. §§ 7B-1109(e) and 1110(a), and the delay prejudiced all parties.); see also In re A.N.J., ___ N.C.App. ___, 625 S.E.2d 203 (2006) (The trial court's judgment was reversed when the respondent was prevented from filing an appeal for over seven months because the trial court failed to enter its order within the statutorily prescribed time limit.); In re O.S.W., ___ N.C.App. ___, 623 S.E.2d 349 (2006) (The trial court's order was vacated because the court failed to enter its order for six months, and the father was prejudiced because he was unable to file an appeal.); In re T.W., 173 N.C.App. 153, 617 S.E.2d 702 (2005) (The trial court entered its order just short of one year from the date of the hearing. The Court of Appeals reversed the trial court's order.); In re L.L., 172 N.C.App. 689, 616 S.E.2d 392 (2005) (The Court of Appeals held the eight month delay prejudiced the parents.); In re C.J.B., 171 N.C.App. 132, 614 S.E.2d 368 (2005) (The Court of Appeals reversed the trial court's order because the trial court failed to enter its order until five months after the hearing.); In re T.L.T., 170 N.C.App. 430, 612 S.E.2d 436 (2005) (The Court of Appeals reversed the trial court's judgment because the trial court failed to enter its order until seven months after the hearing.).
In distinguishing earlier precedents upon which the majority's opinion relies, this Court stated in In re L.E.B.:
Although respondent-mother acknowledges the precedents on timeliness, she argues that more than six months is an excessive delay to enter the order and prejudiced her by adversely affecting: (1) both the family relationship between herself and the minors and the foster parent and the minors; (2) delaying subsequent procedural requirements; and (3) the finality of the matter.
169 N.C.App. at 379, 610 S.E.2d at 426.
In In re As.L.G., this Court stated:
As in In re B.M., the respondent in In re C.L.C. fell short of meeting her burden of showing prejudice. "The only prejudice that the mother identifies is that `DSS ceased reunification but waited many months to initiate termination proceedings.' She does not explain in what manner the delay prejudiced her...." 171 N.C.App. 438, 445, 615 S.E.2d 704, 708 (2005). These cases highlight the need to argue prejudice. Both interpret delays by DSS associated with filing a petition for termination, an eleven-month delay and a three-month delay respectively, but since prejudice was not articulated by any party it could not serve as a basis for reversal.

173 N.C.App. at 556, 619 S.E.2d at 565 (emphasis supplied).
Here, respondent specifically "articulated" the "prejudice" she, her children, and all parties suffered. Id. A five month further delay here is particularly egregious and prejudicial due to the prior appeal and decision by this Court in respondent's favor. See In re T.S., 163 N.C.App. 783, 595 S.E.2d 239 (2004) (Unpublished) ("After determining what appears to be the trial court's conclusions *27 of law, we find that the trial court summarily declared the children to be neglected, but made no reference to the statutory basis for its conclusion, nor did it cite any one incident or a series of incidents as a basis for its determination of neglect. N.C. Gen.Stat. § 7B-101(15) provides several grounds for determining neglect; however, the trial court made no reference to the statutory grounds. Therefore, this Court remands the case to the trial court with instructions to make ultimate findings of fact based on the evidence and to enter clear and specific conclusions of law based on the findings of fact." (internal quotations and citation omitted)). Upon remand, no new evidence was taken or allowed, and the trial court scheduled proposed revised drafts of orders to be submitted no later than 14 June 2004.

II. Conclusion
For a parent, everyday a young child is absent seems like a week, a week's absence seems like a month, a month passes as slowly as a year. Over five months to a parent without his or her young child is an eternity. The prejudicial delays, as argued by respondent mother is exacerbated by the patent disregard of this Court's mandate and the trial court's own schedule for the parties to present proposed revised orders by 14 June 2004. Now, more than five months later, no new evidence was allowed or taken by the trial court. It is inexcusable, and no excuse is offered in the trial court's order or by petitioner DSS to explain why the required submission date of 14 June 2004 languished and was not accomplished until 15 October 2004.
The People of North Carolina, through their elected representatives in the General Assembly, mandated specific deadlines for DSS to act when children are removed from their parents' custody. Compliance with these statutory mandates is necessary to enforce the overall objectives of the Juvenile Code, "[t]o provide standards for the removal, when necessary, of juveniles from their homes and for the return of juveniles to their homes consistent with preventing the unnecessary or inappropriate separation of juveniles from their parents." N.C. Gen.Stat. § 7B-100(4) (2005) (emphasis supplied). These statutory mandates are not suggestions. The recent amendments shortening the required response times were specifically enacted to preserve Federal funding for those important programs. Noncompliance with the deadlines can jeopardize that funding in the future.
Prejudice to respondent mother and her young children is argued, and prejudice is shown. In re As.L.G., 173 N.C.App. at 556, 619 S.E.2d at 565. Procrastination to reunite and to resolve the issues that led to the removal of the children from their mother, prevented respondent mother from entering her notice of appeal until the judgment was entered. This delay is highly prejudicial, and it bears consequences to the responsible party.
It is also appropriate to note that Canon 3 of the North Carolina Judicial Conduct mandates, "A judge should perform the duties of the judge's office impartially and diligently... A(5) A judge should dispose promptly of the business of the Court." North Carolina Code of Judicial Conduct, Canon 3A(5) (2006) (emphasis supplied). This long-term delay was neither prompt nor diligent.
The trial court erred when it failed to reduce its order to writing adjudicating the minor children neglected and entering the order within the statutorily mandated time period. "This late entry is a clear and egregious violation of both N.C. Gen.Stat. § 7B-1109(e), N.C. Gen.Stat. § 1110(a), and this Court's well-established interpretation of the General Assembly's use of the word `shall.'" In re L.E.B., K.T.B., 169 N.C.App. at 378, 610 S.E.2d at 426.
Respondent specifically argued and articulated the prejudice she and her children suffered as a result of the egregious late entry of the court's order. In re As.L.G., 173 N.C.App. at 556, 619 S.E.2d at 565. It is incredulous and inexcusable for six more months to elapse after this Court's opinion in the earlier appeal, to simply revise and enter an order, where no additional evidence was allowed or taken. I vote to reverse the trial court's order and respectfully dissent.