An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1385
NORTH CAROLINA COURT OF APPEALS

Filed: 20 May 2014

IN THE MATTER OF:

K.K., K.K.                                    Swain County
                                              Nos. 12 JA 22-23


        Appeal by respondent-father from order entered 16 October 2012 by Judge Roy Wijewickrama and order entered 7 August 2013 by Judge Kristina Earwood in Swain County District Court.  Heard in the Court of Appeals 5 May 2014.


        *Justin B. Greene, for Swain County Department of Social Services, petitioner-appellee.*

        *Alston & Bird, LLP, by Heather Adams, for guardian ad litem.*

        *Wyrick Robbins Yates & Ponton LLP, by Tobias S. Hampson, for father, respondent-appellant.*


        Dillon, Judge.


        Respondent-father appeals from the trial court's order adjudicating the minor children, K.K. ("Kevin") and K.K.

("Kimberly")[1] neglected and from the subsequent dispositional order. We affirm the trial court's orders.

On 29 March 2012, Swain County Department of Social Services ("DSS") filed juvenile petitions alleging Kevin and Kimberly were abused and neglected. The matter came on for an adjudicatory hearing on 24 September 2012, after which the trial court adjudicated the children neglected, but found DSS failed to prove the children were abused. The dispositional hearing was held on 7 August 2013 and the trial court entered the dispositional order on that same date. Respondent appeals.

Respondent-father argues the trial court erred in adjudicating the children neglected based on a single incident where there is no evidence the children were harmed or in actual immediate danger of being harmed. We disagree.

"The allegations in a petition alleging that a juvenile is abused, neglected, or dependent shall be proved by clear and convincing evidence." N.C. Gen. Stat. § 7B-805 (2013). "A proper review of a trial court's finding of neglect entails a determination of (1) whether the findings of fact are supported by 'clear and convincing evidence,' and (2) whether the legal conclusions are supported by the findings of fact." *In re*

---

[1] Pseudonyms are used to protect the identity of the juveniles.

*Gleisner*, 141 N.C. App. 475, 480, 539 S.E.2d 362, 365 (2000) (citations omitted). "In a non-jury neglect adjudication, the trial court's findings of fact supported by clear and convincing competent evidence are deemed conclusive, even where some evidence supports contrary findings." *In re Helms*, 127 N.C. App. 505, 511, 491 S.E.2d 672, 676 (1997) (citations omitted). Our juvenile code defines a "neglected juvenile" as "[a] juvenile who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; . . . or who lives in an environment injurious to the juvenile's welfare[.]" N.C. Gen. Stat. § 7B-101(15) (2013). "[T]he determinative factors are the circumstances and conditions surrounding the child, not the fault or culpability of the parent." *In re Montgomery*, 311 N.C. 101, 109, 316 S.E.2d 246, 252 (1984).

In the case *sub judice*, the trial court made the following relevant findings of fact:

> 4. That in the latter portion of February and March of 2012, for approximately one month, Ms. C[] M[] was residing in a room next to [Respondent-father] in a converted motel property occupied by [Respondent-father] and the juveniles.
>
> . . . .
>
> 6. That on many occasions the respondent

father would chain lock the door leading out of the minor children's bedroom. He would do this overnight to prevent the minor children from leaving the room.

7. That on or about March 4, 2012 the respondent father left the residence during the evening hours of that date, and left Ms. M[] to babysit the juveniles.

8. That the respondent father did not return until sometime after midnight.

9. That the respondent father had locked the juveniles in their room, and left Ms. M[] in the living room to watch over the juveniles.

10. That at some point during that evening while the respondent father was away from the home and the juveniles were in their room, a plug from a heater in the room began smoking.

11. That as the smoke was emanating from the heater and the plug the juvenile [Kevin] managed to exit the bedroom through a window that led outside to gain entrance through the front door by signaling to Ms. M[].

12. That Ms. M[] was able to get into the room and unplug said heater.

13. That as a result of this particular incident, the juveniles were placed at risk of serious bodily injury or death.

14. That the respondent father contends that the bedroom door was locked in such a manner as a result of [Kevin] running outside in the cold weather, and as a result of [Kimberly] getting into a cabinet in the kitchen and attempting to drink rubbing alcohol.

15. That the respondent father, based off his own admission, does not know how to properly store such substances and does not know of mechanisms which exist in the marketplace to prevent children from accessing such items.

16. That locking the juveniles in their bedroom is not a reasonable manner to prevent them from engaging in such actions.

17. That locking the juveniles in their room poses a danger to the juveniles, as shown by the events of March 4, 2012.

Respondent-father contends findings of fact 13, 15, 16, and 17 are not supported by the evidence. Respondent-father has not challenged the remaining findings and they are deemed supported by competent evidence. *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991).

Our review of the record shows that the challenged findings of fact are supported by the evidence. The evidence tended to show that Respondent-father used a chain lock on the outside of the children's door. Once the chain was in place, the children could only exit the room by calling out to Respondent-father or by going out of the room's window. However, Respondent-father testified that he had shown only Kevin how to get out of the window. Respondent-father testified that he began using the chain lock because Kevin got out of the room and was out in the snow around 2:30-3:00 a.m. and Kimberly got out of the room and

into the kitchen area and attempted to drink rubbing alcohol. Respondent-father testified that he did not hear the children on these occasions. On 4 March 2012, Respondent-father locked the children in the bedroom and left for the evening, leaving a babysitter to watch the children; sometime during the night a freestanding heater, located only two inches from Kevin's head, in the children's bedroom began to smoke; Kevin exited the bedroom by climbing out the window, knocked on the outside door, and informed the babysitter about the smoke; the babysitter unlatched the chain on the children's bedroom door and unplugged the smoking heater; and the babysitter did not smell the smoke or hear the children in their bedroom. Respondent-father further indicated that he was not aware of other mechanisms to address the issue of the children getting out of the room.

We are not persuaded by Respondent-father's contention that the children were adjudicated neglected based on a single incident. Our courts have found neglect "where [there is] a pattern of conduct either causing injury or potentially causing injury to the juvenile." *In re Stumbo*, 357 N.C. 279, 283, 582 S.E.2d 255, 258 (2003). Here, the evidence clearly shows a pattern of conduct where Respondent-father regularly used the chain lock on the children's door leaving them with limited

options for escaping the room in the event of an incident like the one with the heater. Moreover, "[i]t is well-established that the trial court need not wait for actual harm to occur to the child if there is a substantial risk of harm to the child in the home." *In re T.S.*, 178 N.C. App. 110, 113, 631 S.E.2d 19, 22 (2006), *aff'd per curiam*, 361 N.C. 231, 641 S.E.2d 302 (2007). Accordingly, we hold the trial court did not err in adjudicating the children neglected. The orders of the trial court are affirmed.

AFFIRMED.

Judge BRYANT and Judge STEPHENS concur.

Report per Rule 30(e).