IN THE MATTER OF: C.J.B. AND M.G.B., MINOR CHILDREN

No. COA04-992

(Filed 21 June 2005)

**Termination of Parental Rights— entry of written order—five month delay—prejudicial**

A termination of parental rights order was reversed where there was a five-month delay between the trial court's announcement of its decision and entry of the written order. While entry of the order outside the statutory thirty-day requirement has never been held reversible error without a showing of prejudice, a longer delay means that prejudice is more likely to be readily

**IN RE C.J.B. & M.G.B.**

[171 N.C. App. 132 (2005)]

apparent. Here, closure was delayed for everyone involved, and records and transcripts have been misplaced or are irretrievable.

Judge TYSON concurring.

Appeal by respondent-mother from order entered 3 July 2003 by Judge William M. Neely in Moore County District Court. Heard in the Court of Appeals 22 March 2005.

*Katharine Chester, for respondent-appellant.*

*Krishnee Coley, for petitioner-appellee Moore County Department of Social Services.*

*No brief filed on behalf of guardian ad litem.*

ELMORE, Judge.

Esther Kay Coughenhour (respondent) is mother to two children: C.J.B and M.G.B. After the two children were adjudicated neglected and dependent, the Moore County Department of Social Services filed a petition to terminate respondent's parental rights on 26 September 2001. From that point, respondent showed improvement in caring for the children, and termination proceedings were "suspended." But respondent could not maintain her improvement, relapsed into her previous behavior, and the trial court proceeded with termination. On 9 December 2002, 18 December 2002, and again on 28 January 2003 the trial court conducted a hearing on the petition for the termination of parental rights. On 5 March 2003 the trial court announced its decision that respondent's parental rights would be terminated. Respondent filed notice of appeal. On 3 July 2003, approximately five months later, the trial court entered a written order consistent with its earlier oral announcement. Respondent filed a notice of appeal from this order as well.

Section 7B-1109 and section 7B-1110 of our General Statutes provide that a trial court must enter a written order regarding its decision on termination within thirty days of the completion of the hearing. *See* N.C. Gen. Stat. §§ 7B-1109(e) and 7B-1110(a) (2003). This Court has previously interpreted the nature and effect of failing to comply with this mandate. *See In re T.L.T.*, 170 N.C. App. 430, 612 S.E.2d 436 (2005); *In re A.D.L.*, 169 N.C. App. 701, 612 S.E.2d 639 (2005); *In re L.E.B.*, 169 N.C. App. 375, 610 S.E.2d 424 (2005); *In re B.M.*, 168 N.C. App. 350, 607 S.E.2d 698 (2005); *In re J.L.K.*, 165 N.C. App. 311, 598 S.E.2d 387, *disc. review denied*, 359 N.C. 68, 604 S.E.2d 314 (2004); *In re E.N.S.*, 164 N.C. App. 146, 595 S.E.2d 167 (2004).

While earlier holdings determined that non-compliance with statutory time lines did not warrant a new termination hearing, absent a showing of prejudice, *see In re J.L.K.*, 165 N.C. App. at 315-16, 598 S.E.2d at 390-91, our Court's more recent decisions have been apt to find prejudice in delays of six months or more. *See In re T.L.T.*, 170 N.C. App. at 431-32, 612 S.E.2d at 437-38; *In re L.E.B.*, 169 N.C. App. at 379, 610 S.E.2d at 426.

Here, the trial court did not enter the order terminating respondent's parental rights until approximately five months after the hearing. Respondent argues that non-compliance with the thirty-day statute is prejudice *per se*, thus requiring a new hearing. Our Court has never held that entry of the written order outside the thirty-day time limitations expressed in sections 7B-1109 and 7B-1110 was reversible error absent a showing of prejudice. To the contrary, we have held that prejudice must be shown before the late entry will be deemed reversible error. *See In re J.L.K.*, 165 N.C. App. at 315-16, 598 S.E.2d at 390-91 (respondent failed to show prejudice from a three-month delay in violation of N.C. Gen. Stat. § 7B-1109(e)); *see also In re B.M.*, 168 N.C. App. at 353-55, 607 S.E.2d at 700-02 (discussing the need for prejudice in missing timing requirements of section 7B-907(e)).

Our holdings requiring the respondent to show prejudice should by no means be taken as an endorsement of the delay in meeting statutory time lines in adjudication proceedings. Again, to the contrary, "[w]e strongly caution against this practice, as it defeats the purpose of the time requirements specified in the statute, which is to provide parties with a speedy resolution of cases where juvenile custody is at issue." *In re B.M.*, 168 N.C. App. at 355, 607 S.E.2d at 702. In fact, citing numerous appeals from violations of the relevant time lines, Judge Timmons-Goodson's concurring opinion in *In re L.E.B.*, stressed that reversal was necessary to restore the effectiveness of the General Assembly's mandates. 169 N.C. App. at 381-82, 610 S.E.2d at 428 (Timmons-Goodson, J., concurring). However, we recognize that reversing an order for non-adherence to these time lines further unbalances the need for swift finality in termination proceedings, the undisputed intent and presumed effect of the General Assembly's addition of the thirty-day entry deadline to N.C. Gen. Stat. § 7B-1109(e). *See In re A.D.L.*, 169 N.C. App. at 705, 612 S.E.2d at 642.

In an effort to balance giving effect to the clear mandate of a timely entered order according to N.C. Gen. Stat. § 7B-1109(e) against the need for finality of juvenile custody, we have evaluated the preju-

**IN RE C.J.B. & M.G.B.**

[171 N.C. App. 132 (2005)]

dice—not only to respondent, but to the children, petitioners, adoptive and foster parents—arising from the delay. *See In re T.L.T.*, 170 N.C. App. at 432, 612 S.E.2d at 438; *In re L.E.B.*, 169 N.C. App. at 381-82, 610 S.E.2d at 426-27. A review of our recent cases on point exemplifies that the need to show prejudice in order to warrant reversal is highest the fewer number of days the delay exists. *See, e.g., In re A.D.L.*, 169 N.C. App. at 713-14, 612 S.E.2d at 647 (Tyson, J., concurring) (discussing absence of prejudice with sixteen-day delay). And the longer the delay in entry of the order beyond the thirty-day deadline, the more likely prejudice will be readily apparent. *See, e.g., In re T.L.T.*, 170 N.C. App. at 432, 612 S.E.2d at 438; *In re L.E.B.*, 169 N.C. App. at 379, 610 S.E.2d at 426-27.

Applying this analysis to the case *sub judice* results in a determination that prejudice has been adequately shown by a five-month delay in entry of the written order terminating respondent's parental rights. For four unnecessary months the appellate process was put on hold, any sense of closure for the children, respondent, or the children's current care givers was out of reach, and particular to this case, records and transcripts have become misplaced or are irretrievable. Admittedly, the prejudice argued by respondent in this case is generic and susceptible to challenge, but in light of a five-month delay, little more than common sense is necessary in order to perceive aspects of prejudice to all parties involved in this termination proceeding.

In light of the foregoing, we do not reach respondent's other assignments of error but reverse the trial court's order and remand this case for a new trial on the termination of respondent's parental rights.

Reversed and remanded.

Judge TYSON concurs.

Judge WYNN concurs by separate opinion.

WYNN, Judge concurring.

I concur in the majority's resolution of this matter and write separately to underscore that non-compliance with the thirty-day requirement for the trial court's entering a termination order is not *per se* prejudicial and that prejudice must be shown for delayed entry to constitute reversible error.

In the recent *In re B.P., S.P., and R.T.,* —— N.C. App. ——, —— S.E.2d —— (No. COA04-498) (19 April 2005), the majority indicated that a violation of a thirty-day requirement for filing adjudication and dispositional orders required that the orders be vacated. I dissented from the majority to make clear that this Court had previously held that a thirty-day rule violation does not *per se* warrant the delayed order to be vacated. Indeed, in *In re J.L.K.,* 165 N.C. App. 311, 598 S.E.2d 387 (2004), this Court stated that "[w]hile the trial court's [89-day] delay clearly violated the 30-day provision of N.C. Gen. Stat. § 7B-1109(e), we find no authority compelling that the TPR order be vacated as a result." *Id.* at 315, 598 S.E.2d at 390.

As I underscored in my dissent, a party "must show that she was prejudiced by the delay in order to grant a new hearing." *In re B.P., S.P., and R.T.,* —— N.C. App. at ——, —— S.E.2d at —— (Wynn, J., concurring in part, dissenting in part) (citation omitted). In *In re B.P., S.P., and R.T.,* the Clerk of Court lost the original order, and a new order was thus re-filed outside the thirty-day period. The respondent did not dispute the circumstances or object to the timeliness of the new order, the new order did not require anything different of respondent, and the filing of the new order did not impede respondent's ability to appeal. I therefore saw no prejudice. *Id.* at ——, —— S.E.2d at ——.

Here, in contrast, as the majority notes, prejudice by the five-month delay in entering the order has been shown: Records and transcripts are missing and unretrievable, and Respondent's appellate counsel is unable to reconstruct the trial court proceedings. The delayed order therefore must be vacated.