**IN RE O.S.W.**

[175 N.C. App. 414 (2006)]

IN THE MATTER OF: O.S.W.

No. COA05-466

(Filed 3 January 2006)

**Termination of Parental Rights— failure to enter order within thirty days of hearing**

The trial court erred by failing to enter the order terminating respondent father's parental rights within thirty days from the date of the hearing as required by N.C.G.S. § 7B-1110, and the order is vacated and the cause is remanded for a new hearing.

Appeal by respondent from order entered 2 December 2004 by Judge John W. Smith in New Hanover County District Court. Heard in the Court of Appeals 29 November 2005.

*Annick Lenoir-Peek for respondent-appellant.*

*No brief filed on behalf of petitioner New Hanover County Department of Social Services.*

*No brief filed on behalf of guardian ad litem.*

SMITH, Judge.

Respondent-father ("respondent") appeals the trial court order terminating his parental rights to his minor son, O.S.W. Because we conclude the trial court erred by failing to enter its order within thirty days in violation of N.C. Gen. Stat. § 7B-1110, we vacate the order of the trial court and remand this matter for a new hearing.

The facts and procedural history relevant to the appeal in this case are as follows: O.S.W. was born on 22 November 2002 and tested positive for cocaine at his birth. Upon his discharge from the hospital, the juvenile was placed in foster care pursuant to a nonsecure custody order entered 25 November 2002. Respondent appeared at the adjudication hearing on 6 March 2003 and stipulated to the allegations of neglect and dependency. Respondent did not contest paternity but sought a study of his home in South Carolina as a placement for the juvenile. On 7 January 2004, the New Hanover County Department of Social Services filed a petition to terminate the parental rights of respondent to the minor child. A hearing was scheduled for 26 April 2004 but the matter was continued until 7 June 2004 upon appointment of counsel for respondent. At the hearing on 7

June 2004, the trial court concluded that sufficient grounds existed to terminate respondent's parental rights to O.S.W. and that it was in the juvenile's best interests to do so. The written order terminating respondent's parental rights to O.S.W. was entered 7 December 2004. Respondent appeals.

———

The dispositive issue on appeal is whether the trial court erred by failing to enter its order terminating respondent's parental rights within the time period directed by N.C. Gen. Stat. § 7B-1110.

N.C. Gen. Stat. § 7B-1110 governs the disposition phase of termination proceedings and provides as follows:

(a) Should the court determine that any one or more of the conditions authorizing a termination of the parental rights of a parent exist, the Court shall issue an order . . . . Any order shall be reduced to writing, signed, and entered no later than 30 days following the completion of the termination of parental rights hearing.

This Court has held that where the thirty-day time requirement for entry of an order terminating parental rights has not been met, "prejudice must be shown before the late entry will be deemed reversible error." *In re C.J.B.*, 171 N.C. App. 132, 134, 614 S.E.2d 368, 369 (2005); *see In re J.L.K.*, 165 N.C. App. 311, 316, 598 S.E.2d 387, 391, *disc. review denied*, 359 N.C. 68, 607 S.E.2d 698 (2004). "[T]he need to show prejudice in order to warrant reversal is highest the fewer number of days the delay exists. . . . And the longer the delay in entry of the order beyond the thirty-day deadline, the more likely prejudice will be readily apparent." *In re C.J.B.*, 171 N.C. App. at 135, 614 S.E.2d at 370. *Compare In re A.D.L.*, 169 N.C. App. 701, 612 S.E.2d 639 (2005) (no prejudice found where order entered forty-five days after hearing) *and In re J.L.K., supra,* (no prejudice resulting from order entered eighty-nine days later) *with In re L.E.B.*, 169 N.C. App. 375, 379, 610 S.E.2d 424, 426 (2005) (order entered 180 days later found "highly prejudicial") *and In re T.L.T.*, 170 N.C. App. 430, 612 S.E.2d 436 (2005) (respondent prejudiced by a seven month delay).

In the case *sub judice*, the trial court entered its order approximately six months after the termination hearing. Respondent argues he was prejudiced in that his relationship with his son remained severed and he was unable to give notice of his appeal and have this Court consider the matter during the six-month delay. In addition, respondent notes the delay has adversely affected the child and the

**MAY v. DOWN E. HOMES OF BEULAVILLE, INC.**

[175 N.C. App. 416 (2006)]

foster parents in that the child's placement is not permanent and the foster parents have been precluded from adopting the juvenile. We conclude the trial court's failure to enter its termination order in a timely manner was prejudicial to respondent, the minor child, and the foster parents. The trial court erred in failing to enter the order terminating respondent's parental rights within thirty days from the date of the hearing as required by N.C. Gen. Stat. § 7B-1110. In light of the foregoing, we do not reach respondent's other assignments of error. The trial court's order is vacated and this cause is remanded for a new hearing.

Vacated and remanded.

Judges WYNN and STEELMAN concur.