633 S.E.2d 715 (2006)
In the Matter of D.M.M. K.G.M.
No. COA06-29.
Court of Appeals of North Carolina.
September 5, 2006.
Twanda M. Staley, Winston-Salem, for petitioner-appellee, Forsyth County Department of Social Services.
Dannielle D. Williard, Winston-Salem, for petitioner-appellee, Guardian ad Litem.
Duncan B. McCormick, Lillington, for respondent-appellant.
TYSON, Judge.
P.M. ("respondent") appeals from order entered terminating her parental rights to her minor children, D.M.M. and K.G.M. We reverse.

I. Background
At the time of the hearing, D.M.M. was nine years old and K.G.M. was seven years old. D.M.M. and K.G.M. were adjudicated dependent on 13 June 2003. The court ordered respondent to obtain suitable housing and continue participation in the WISH program. Forsyth County Department of Social Services ("DSS") filed a petition to terminate respondent's parental rights on 13 January 2004. Over one year later, the trial court held a termination hearing on 24 January 2005 and entered the termination order nearly seven months after the hearing on 19 August 2005. The trial court made the following findings of fact:
3. On January 15, 2003, the Forsyth County Department of Social Services was granted non-secure custody of the minor children. The minor children have remained continuously in the custody of Forsyth County Department of Social Services since January 15, 2003.
4. The juveniles have been in the care of their sister, [A.M.], under the custody and supervision of DSS since coming into [DSS's] custody.
....
6. There was disputed testimony as to visits between the juveniles and [respondent] that were not supervised by *716 DSS. [Respondent] attended 10% of the visits supervised by DSS.
7. [Respondent's] daughter and the caretaker of the juveniles, [A.M.], was unequivocal in her testimony of seeking out [respondent] when the juveniles asked to see her. [A.M.] initiated these visits not [respondent].
....
10. [Respondent] did visit the children some weekends but did not visit the juveniles from June 2003 to January 2004, the six months prior to the filing of the TPR petition.
....
17.
(e). [Respondent's] behavior with respect to her children has been inconsistent. She is more like a Santa Claus or baby sitter to her children than a mother.
The trial court concluded:
2. DSS has proven by clear, cogent and convincing evidence that [respondent] has neglected her children within the meaning of 7B-101 and she has wilfully abandoned her children for at least six consecutive months immediately preceding the filing of the TPR petition.
3. It is in the best interest of the juveniles that the parental rights of [respondent] be terminated.

II. Issues
Respondent argues the trial court erred by: (1) conducting the termination hearing more than one year after DSS filed the petition; (2) entering the termination order almost seven months after the date of the hearing; (3) concluding respondent neglected her children; (4) concluding respondent willfully abandoned her children; and (5) making findings of fact that were not supported by clear, cogent, and convincing evidence.

II. Standard of Review
"On appeal, our standard of review for the termination of parental rights is whether the court's findings of fact are based upon clear, cogent and convincing evidence and whether the findings support the conclusions of law." In re Baker, 158 N.C.App. 491, 493, 581 S.E.2d 144, 146 (2003) (citations and internal quotations omitted).
"The trial court's `conclusions of law are reviewable de novo on appeal.'" In re D.H., ___ N.C.App. ___, ___, 629 S.E.2d 920, 922 (2006) (quoting Starco, Inc. v. AMG Bonding and Ins. Servs., 124 N.C.App. 332, 336, 477 S.E.2d 211, 215 (1996)).

IV. Entry of Order and Termination Hearing
Respondent argues the trial court erred when it failed to conduct the termination hearing for over one year after DSS filed its petition. Respondent also argues the trial court erred when it entered the termination of parental rights order almost seven months after the date of the hearing. We agree.
The stated legislative purpose in enacting the juvenile code is, "[t]o provide standards for the removal, when necessary, of juveniles from their homes and for the return of juveniles to their homes consistent with preventing the unnecessary or inappropriate separation of juveniles from their parents." N.C. Gen.Stat. § 7B-100(4) (2005).
N.C. Gen.Stat. § 7B-1109(a) (2005) mandates, "[t]he hearing on the termination of parental rights shall be conducted ... no later than 90 days from the filing of the petition ...." (emphasis supplied). This outer limit of ninety days protects the parent's right to a prompt adjudication of DSS's petition, and is consistent with the stated purpose of the statute to prevent "the unnecessary or inappropriate separation of juveniles and their parents." Id. Normally, once DSS files a petition to terminate parental rights reunification efforts cease and the parent receives no further services to facilitate the return of the minor child to the parent.
Regarding the statutory duty on the trial court, N.C. Gen.Stat. § 7B-1110(a) (2005) provides, "[a]ny order shall be reduced to writing, signed, and entered no later than 30 days following the completion of the termination of parental rights hearing." (emphasis supplied).

*717 This Court has previously stated that absent a showing of prejudice, the trial court's failure to reduce to writing, sign, and enter a termination order beyond the thirty day time window may be harmless error. See In re J.L.K., 165 N.C.App. 311, 315, 598 S.E.2d 387, 390 (2004) (order entered eighty-nine days after the hearing), disc. rev. denied, 359 N.C. 68, 604 S.E.2d 314 (2004).
In re L.E. B., K.T.B., 169 N.C.App. 375, 378-79, 610 S.E.2d 424, 426, disc. rev. denied, 359 N.C. 632, 616 S.E.2d 538 (2005).
This Court has held a delay in the entry of the order of six months was highly "prejudicial to respondent-mother, the minors, and the foster parent." Id. at 380, 610 S.E.2d at 427.
Respondent-mother, the minors, and the foster parent did not receive an immediate, final decision in a life altering situation for all parties. Respondent-mother could not appeal until entry of the order. If adoption becomes the ordered permanent plan for the minors, the foster parent must wait even longer to commence the adoption proceedings. The minors are prevented from settling into a permanent family environment until the order is entered and the time for any appeals has expired.
Id. at 379, 610 S.E.2d at 426-27 (internal quotation omitted).
Although we stated, "[a] trial court's violation of statutory time limits in a juvenile case is not reversible error per se ... [T]he complaining party [who] appropriately articulate[s] the prejudice arising from the delay... [does] justify reversal." In re S.N.H., ___ N.C.App. ___, ___, 627 S.E.2d 510, 513 (2006). This Court also held that while "[t]he passage of time alone is not enough to show prejudice, ... [we] recently [held] the 'longer the delay in entry of the order beyond the thirty-day deadline, the more likely prejudice will be readily apparent.'" Id. at ___, 627 S.E.2d at 513-14 (quoting In re C.J.B., 171 N.C.App. 132, 135, 614 S.E.2d 368, 370 (2005)).
This Court has repeatedly reversed orders terminating a respondent's parental rights due to prejudice to the respondent, the children, and the parties resulting from the trial court's egregiously late entry of its order. In re D.S., ___ N.C.App. ___, ___, 628 S.E.2d 31, 33 (2006). This Court stated in In re D.S.:
Respondent argues the delay prejudiced all members of the family involved, as well as the foster and adoptive parents. By failing to reduce its order to writing within the statutorily prescribed [30 day] time period, the parent and child have lost time together, the foster parents are in a state of flux, and the adoptive parents are not able to complete their family plan. The delay of over six months to enter the adjudication and disposition order terminating respondent-mother's parental rights prejudiced all parties, not just respondent-mother.
___ N.C.App. at ___, 628 S.E.2d at 33 (internal quotations and citations omitted).
This Court has also stated, "prejudice, if clearly shown by a party" is not "something to ignore solely because the remedy of reversal further exacerbates the delay." In re A.L.G., 173 N.C.App. 551, 554, 619 S.E.2d 561, 564 (2005), aff'd and disc. rev. improvidently allowed, 360 N.C. 476, 628 S.E.2d 760 (2006).
Here, respondent argues the delay in holding the termination hearing "prejudiced [her] by one year and by precluding the parties from reaching closure." Respondent also contends, "the delay impacted the presentation of evidence with respect to the abandonment ground. The relevant time frame for determining whether a child has been abandoned is the six-month period immediately preceding the filing of the petition."
Respondent presented evidence she provided money to her daughter during the one year period delay, but the trial court discounted or dismissed this evidence because she had failed to provide this support during the statutory six month time period.
The trial court held the termination hearing on 24 January 2005, over one year after DSS filed its petition, and entered its order almost seven months later on 19 August 2005.
Respondent argues:

*718 by failing to enter the order within thirty days as required by statute, the trial court delayed final resolution of this case. During this delay, [respondent] was not able to appeal or seek any relief from the trial court. While [A.M.] was allowing her to visit with the children prior to the date of the hearing, [respondent] does not have a right to visit and does not have a judicial remedy if [A.M.] or [DSS] decided to prevent her from continuing to visit her children. [A.M.] could not proceed with an adoption. The girls were not able to benefit from the implementation of a permanent plan. The delay prevented [respondent], [A.M], and the girls from reaching closure. In this case, the seven month delay is clear, egregious, and highly prejudicial to [respondent] and others.
Upon similar allegations, this Court has repeatedly found prejudice to exist in numerous cases with facts analogous to those here. See In re D.S., ___ N.C.App. at ___, 628 S.E.2d at 33 (finding the trial court's entry seven months after the termination hearing was a clear and egregious violation of N.C. Gen.Stat. § 7B-1109(e) and § 1110(a), and the delay prejudiced all parties.); see also In re A.N.J., ___ N.C.App. ___, 625 S.E.2d 203 (2006) (The trial court's judgment was reversed when the respondent was prevented from filing an appeal for over seven months because the trial court failed to enter its order within the statutorily prescribed time limit.); In re O.S.W., ___ N.C.App. ___, 623 S.E.2d 349 (2006) (The trial court's order was vacated because the court failed to enter its order for six months, and the father was prejudiced because he was unable to file an appeal.); In re T. W., 173 N.C.App. 153, 617 S.E.2d 702 (2005) (The trial court entered its order just short of one year from the date of the hearing and this Court reversed the trial court's order.); In re L.L., 172 N.C.App. 689, 616 S.E.2d 392 (2005) (This Court held the eight month delay prejudiced the parents.); In re C.J.B., 171 N.C.App. at 135, 614 S.E.2d at 370 (This Court reversed the trial court's order because the trial court failed to enter its order until five months after the hearing.); In re T.L.T., 170 N.C.App. 430, 612 S.E.2d 436 (2005) (This Court reversed the trial court's judgment because the trial court failed to enter its order until seven months after the hearing.).
These precedents clearly require reversal where the hearing on the petition to terminate is held egregiously late, or a late entry of an order occurs and the respondent alleges prejudice. Undisputed facts show the trial court heard DSS's petition for termination on 24 January 2005, more than one year after the petition was filed, and failed to enter the order until 19 August 2005, nearly seven months later. This combined nineteen month delay in holding the hearing and entering the order where the statute allows a total maximum of 120 days is an egregious violation of the statute and is prejudicial to respondent, her children, and all parties involved. N.C. Gen.Stat. § 7B-1109(a); N.C. Gen.Stat. § 1110(a).

V. Conclusion
The trial court erred and prejudiced respondent and her children when it failed to hold the termination hearing for over one year after DSS filed its petition to terminate and by entering its order an additional seven months after the statutorily mandated time period. "This late entry is a clear and egregious violation of both N.C. Gen.Stat. § 7B-1109(e), N.C. Gen.Stat. § 1110(a), and this Court's well-established interpretation of the General Assembly's use of the word `shall.'" In re L.E.B., K.T.B., 169 N.C.App. at 378, 610 S.E.2d at 426.
Respondent specifically argued and articulated the prejudice she and her children suffered as a result of the combined nineteen month delay in holding the termination hearing and late entry of its order. In re A.L.G., 173 N.C.App. at 556-57, 619 S.E.2d at 565.
[B]y allowing the trial court to delay its entry of the order terminating the respondent's parental rights, we do nothing to protect the respondent's right to a quick and speedy resolution when his or her appeal is no longer "academic." ... [I]f, in the interest of efficient case-resolution, this Court allows the trial court to remove *719 an appeal from our purview by issuing an order terminating parental rights, we should at least require that the trial court enter that order in the amount of time mandated by the legislature.
In re L.E.B., K.T.B., 169 N.C.App. at 382, 610 S.E.2d at 428 (Timmons-Goodson, J., concurring). In light of our holding, it is unnecessary to consider respondent's remaining assignments of error. The trial court's order is reversed.
Reversed.
Judges WYNN and HUDSON concur.