━━━━━━━━━━

IN RE: J.N.S.

No. COA06-395

(Filed 19 December 2006)

**Termination of Parental Rights— untimely order—prejudice**

A termination of parental rights order was reversed where the order was entered more than 30 days after the last hearing (nearly six months later, in fact), and respondent specifically argued and articulated the prejudice he and his minor child suffered as a result of the delay. N.C.G.S. § 7B-1110(a).

Judge LEVINSON concurring.

Appeal by respondent father from order entered 23 August 2005 by Judge Paul A. Hardison in Onslow County District Court. Heard in the Court of Appeals 18 October 2006.

*Amy Jordan & Jennifer Pope Attorneys at Law, by Amy R. Jordan, for petitioner mother-appellee.*

*Winifred H. Dillon, for respondent father-appellant.*

TYSON, Judge.

C.S. ("respondent") appeals from order entered terminating his parental rights to his minor child, J.N.S. We reverse.

## I.  Background

In April 1996, J.N.S. was born to D.D., J.N.S.'s mother ("petitioner"), and respondent. Petitioner and respondent never married and lived together for three years after J.N.S.'s birth. Petitioner has maintained physical custody of J.N.S. since her birth.

In July 2000, petitioner married. Petitioner's spouse desires to adopt J.N.S. In February 2002, respondent also married.

On 10 March 2004, petitioner filed a petition to terminate respondent's parental rights. Petitioner alleged the following grounds for termination of parental rights: (1) respondent has failed to provide substantial financial support or consistent care for J.N.S., pursuant to N.C. Gen. Stat. § 7B-1111(5)(d); (2) respondent is incapable of providing proper care for J.N.S., pursuant to N.C. Gen. Stat. § 7B-1111(6); and (3) respondent willfully abandoned J.N.S. for at least six consecutive months immediately preceding the filing of the petition and prior to his incarceration, pursuant to N.C. Gen. Stat. § 7B-1111(7). Respondent was incarcerated in Powahatan Correctional Institution in Powahatan, Virginia on 29 March 2002. On 7 April 2004, respondent filed a *pro se* response to the petition and requested appointed counsel. On 26 May 2004, respondent was granted parole and released from incarceration by the Virginia Parole Board. On 8 April 2004, counsel was appointed to respondent and an additional response was filed on 22 June 2004.

The trial court conducted hearings on the petition on 23 July 2004, 26 August 2004, and 10 March 2005. The trial court found facts to terminate respondent's parental rights pursuant to N.C. Gen. Stat. §§ 7B-1111(6) and (7) for incapability of providing for the proper care and supervision of J.N.S. and for willfully abandoning J.N.S. for at least six consecutive months preceding the filing of the petition. On 10 March 2005, the trial court ruled from the bench that respondent's parental rights were terminated. Nearly six months

**IN RE J.N.S.**

[180 N.C. App. 573 (2006)]

later, on 23 August 2005, the trial court reduced the order to writing, signed, and filed and entered it with the Clerk of Superior Court. Respondent appeals.

## II.  Issues

Respondent argues the trial court erred by: (1) failing to reduce its order to writing within the statutorily prescribed time limit; (2) entering findings of fact numbered 30, 31, and 32 because they are not supported by clear, cogent, and convincing evidence; and (3) concluding it was in J.N.S.'s best interest to terminate his parental rights.

## III.  Standard of Review

"On appeal, [o]ur standard of review for the termination of parental rights is whether the trial court's findings of fact are based upon clear, cogent and convincing evidence and whether the findings support the conclusions of law." *In re Baker*, 158 N.C. App. 491, 493, 581 S.E.2d 144, 146 (2003) (citations and internal quotations omitted).

"The trial court's 'conclusions of law are reviewable *de novo* on appeal.'" *In re D.M.M. & K.G.M.*, 179 N.C. App. 383, 385, 633 S.E.2d 715, 715 (2006) (quoting *Starco, Inc. v. AMG Bonding and Ins. Servs.*, 124 N.C. App. 332, 336, 477 S.E.2d 211, 215 (1996)).

## IV.  Order in Writing

Respondent argues the trial court erred when it failed to reduce its order to writing, sign, and enter it within the statutorily prescribed time period. We agree.

N.C. Gen. Stat. § 7B-1110(a) (2005) mandates, "[a]ny order *shall* be reduced to writing, signed, and entered no later than 30 days following the completion of the termination of parental rights hearing." (Emphasis supplied). The last hearing on the petition was held on 10 March 2005, but the order was not entered until 23 August 2006.

> This Court has previously stated that absent a showing of prejudice, the trial court's failure to reduce to writing, sign, and enter a termination order beyond the thirty day time window may be harmless error. *See In re J.L.K.*, 165 N.C. App. 311, 315, 598 S.E.2d 387, 390 (2004) (order entered eighty-nine days after the hearing), *disc. rev. denied*, 359 N.C. 68, 604 S.E.2d 314 (2004).

*In re L.E.B., K.T.B.*, 169 N.C. App. 375, 378-79, 610 S.E.2d 424, 426, *disc. rev. denied*, 359 N.C. 632, 616 S.E.2d 538 (2005).

**IN RE J.N.S.**

[180 N.C. App. 573 (2006)]

While "a trial court's violation of statutory time limits . . . is not reversible error *per se* . . ., the complaining party [who] appropriately articulate[s] the prejudice arising from the delay . . . justif[ies] reversal of the order." *In re S.N.H. & L.J.H.*, 177 N.C. App. 82, 86, 627 S.E.2d 510, 513 (2006).

While "[t]he passage of time alone is not enough to show prejudice, . . . [we] recently [held] that the 'longer the delay in entry of the order beyond the thirty-day deadline, the more likely prejudice will be readily apparent.' " *Id.* at 86, 627 S.E.2d at 513-14 (quoting *In re C.J.B.*, 171 N.C. App. 132, 135, 614 S.E.2d 368, 370 (2005)).

We recently held, "prejudice has been adequately shown by a five-month delay in entry of the written order terminating respondent's parental rights. For four unnecessary months the appellate process was put on hold, any sense of closure for the children, respondent, or the children's current care givers was out of reach[.]" *In re C.J.B.*, 171 N.C. App. at 135, 614 S.E.2d at 370. Upon similar allegations, this Court has repeatedly found prejudice to exist in numerous cases with facts analogous to those here. *See In re D.M.M. & K.G.M.*, 179 N.C. App. at 388, 633 S.E.2d at 716 (trial court's order reversed when the trial court failed to hold the termination hearing for over one year after DSS filed its petition to terminate and by entering its order an additional seven months after the statutorily mandated time period); *In re D.S., S.S., F.S., M.M., M.S.*, 177 N.C. App. 136, 628 S.E.2d 31 (2006) (trial court's entry of order seven months after the termination hearing was a clear and egregious violation of N.C. Gen. Stat. § 7B-1109(e) and § 1110(a), and the delay prejudiced all parties); *In re O.S.W.*, 175 N.C. App. 414, 623 S.E.2d 349 (2006) (trial court's order was vacated because the court failed to enter its order for six months, and the father was prejudiced because he was unable to file an appeal); *In re T.W., L.W., E.H.*, 173 N.C. App. 153, 617 S.E.2d 702 (2005) (trial court entered its order just short of one year from the date of the hearing and this Court reversed the trial court's order); *In re L.L.*, 172 N.C. App. 689, 616 S.E.2d 392 (2005) (nine month delay prejudiced the parents); *In re T.L.T.*, 170 N.C. App. 430, 612 S.E.2d 436 (2005) (trial court's judgment reversed because the trial court failed to enter its order until seven months after the hearing); *In re L.E.B., K.T.B.*, 169 N.C. App. 375, 610 S.E.2d 424 (2005) (a delay of the entry of order of six months was prejudicial to respondent, the minors, and the foster parent).

Undisputed facts show the trial court completed hearings on the petition on 10 March 2005. The trial court ruled respondent's parental

**IN RE J.N.S.**

[180 N.C. App. 573 (2006)]

rights were terminated on that day from the bench. On 23 August 2005, nearly six months later, the trial court reduced the order to writing, signed it, and filed it with the Clerk of Superior Court.

Respondent specifically argues the prejudice he and J.N.S. suffered by the trial court's failure to timely enter the order: (1) he is entitled to a speedy resolution of the termination of the parental rights petition; (2) J.N.S. is entitled to a "permanent plan of care at the earliest possible age;" *see* N.C. Gen. Stat. § 7B-1100(2); (3) the trial court's delay in entering the order delayed respondent's right to appeal; (4) the trial court's delay extends the time when parents are separated from their children to the prejudice of his relationship with J.N.S.; and (5) petitioner barred respondent from any communication with J.N.S. since the dispositional hearing and rendering of judgment on 10 March 2005. Our precedents clearly requires reversal where a late entry of order occurs and respondent alleges and demonstrates prejudice. *See In the Matter of D.M.M. & K.G.M.*, 179 N.C. App. 383, 633 S.E.2d 715 (2006).

## V. Conclusion

The trial court erred and prejudiced respondent and J.N.S. when it entered its order nearly six months after conclusion of the hearings and after the Court orally rendered its order. "This late entry is a clear and egregious violation of both N.C. Gen. Stat. § 7B-1109(e), N.C. Gen. Stat. § 7B-1110(a), and this Court's well established interpretation of the General Assembly's use of the word 'shall.' " *In re L.E.B.*, 169 N.C. App. at 378, 610 S.E.2d at 426.

Respondent specifically argued and articulated the prejudice he and his minor child suffered as a result of the delay. In light of our holding, it is unnecessary to consider respondent's remaining assignments of error. The trial court's order is reversed.

Reversed.

Judge BRYANT concurs.

Judge LEVINSON concurs by separate opinion.

LEVINSON, Judge concurring.

At the conclusion of the hearing on the termination of parental rights petition, the trial court ruled from the bench that respondent's

parental rights be terminated. N.C. Gen. Stat. § 7B-1110(a) (2005) requires that an order for termination of parental rights be reduced to writing and entered within thirty (30) days of the end of the hearing. In the instant case, the order was entered on 23 August 2005, almost six months later. The majority opinion holds that the respondent articulated prejudice arising from this delay, and that the proper remedy is reversal of the termination of parental rights order. I am required by precedent to concur with the majority's decision in this regard. *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.") (citation omitted). To date, I have followed the line of cases cited by the majority opinion without expressing my disagreement with the same. *See, e.g., In re P.L.P.*, 173 N.C. App. 1, 618 S.E.2d 241 (2005) (Levinson, J.), *aff'd*, 360 N.C. 360, 625 S.E.2d 779 (2006) (affirming as to issues raised in dissent, which did not include the remedy, if any, for a trial court's failure to timely enter an order on termination of parental rights). I now take this opportunity to express my profound disagreement with the approach that this Court has taken in regards to the untimely entry of orders on termination of parental rights.

First, none of this Court's authorities attempt to define the term "prejudice" as used in the context of delayed entry of termination of parental rights orders. The general definition of prejudice is essentially the same in both civil and criminal cases—whether the error in question had a probable impact on the outcome of the proceeding. *See* N.C. Gen. Stat. § 15A-1443(a) (2005) ("A defendant is prejudiced by errors relating to rights arising other than under the Constitution of the United States when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises."); *Lewis v. Carolina Squire, Inc.*, 91 N.C. App. 588, 595-96, 372 S.E.2d 882, 887 (1988) ("judgment should not be reversed because of a technical error which did not affect the outcome at trial. The test for granting a new trial is whether there is a reasonable probability that at the new trial the result would be different.") (citation omitted).

This definition of prejudice has been applied to termination of parental rights cases. *See, e.g., In re Norris*, 65 N.C. App. 269, 274, 310 S.E.2d 25, 29 (1983) (respondent appeals order for termination of parental rights; Court holds that "errors will not authorize a new

trial unless it appears that the objecting party was prejudiced thereby[.] . . . We find no reasonable probability that the results of the trial would have been favorable to respondents had such error not occurred.") (citing *Hines v. Frink and Frink v. Hines,* 257 N.C. 723, 127 S.E.2d 509 (1962), and *Mayberry v. Coach Lines,* 260 N.C. 126, 131 S.E.2d 671 (1963)).

The error at issue herein—the trial court's delay in entering the order for termination of parental rights—occurs <u>after</u> the hearing, and thus cannot affect the outcome of the previously conducted hearing. Accordingly, the term "prejudice" must of necessity have a different meaning in this context. Unfortunately, none of the pertinent opinions by this Court define prejudice in this situation, or address (1) to whom the respondent must show prejudice; (2) the standard for assessing the existence of prejudice; and (3) whether a respondent may obtain a reversal by demonstrating prejudice to <u>other parties</u>, such as the foster parents or the juveniles, who may not even want a new hearing.

Absent a clear definition of prejudice, a respondent cannot know what evidence this Court requires to establish prejudice, and this Court cannot make a reasoned determination about its existence. Furthermore, attorneys who represent respondents in termination of parental rights cases necessarily rely on boilerplate assertions that a respondent was "prejudiced" by the delayed entry of the order because he or she was unable to visit with the child or was unable to file an appeal during these months; or that the delay prejudiced the need of all involved for finality and permanence. Moreover, without a clear standard for the determination of prejudice, this Court, while theoretically reviewing the issue on a "case by case" basis, has gravitated towards a pattern resembling a *per se* rule of reversal in all cases wherein the delay was approximately six months or longer. *See, e.g., In re K.D.L.,* 176 N.C. App. 261, 267, 627 S.E.2d 221, 224 (2006) (respondent argues reversible error where "trial court entered the order fifty days after the deadline" but "admits, '[t]his Court has not previously found prejudice to exist from this short of a time violation' "); *In re C.J.B. & M.G.B.,* 171 N.C. App. 132, 134, 614 S.E.2d 368, 369 (2005) ("our Court's more recent decisions have been apt to find prejudice in delays of six months or more") (citations omitted); *In re L.E.B., K.T.B.,* 169 N.C. App. 375, 379, 610 S.E.2d 424, 426, *disc. review denied,* 359 N.C. 632, 616 S.E.2d 538 (2005) ("We agree with respondent-mother's argument that a delay in excess of six months to enter the adjudication and disposition order terminating her parental

rights is highly prejudicial to all parties involved."). Conversely, where the delay is less than six months, this Court generally has not found this to be reversible error. *See, e.g., In re S.B.M.*, 173 N.C. App. 634, 636, 619 S.E.2d 583, 585 (2005) (where "trial court filed the [termination] order . . . five months after the termination hearing" this Court holds "respondent has not met his burden of proving prejudice"); *In re J.B.*, 172 N.C. App. 1, 26, 616 S.E.2d 264, 279-80 (2005) (termination order entered three months after hearing; after noting that this Court has "found prejudice and reversed termination orders where the orders were entered approximately six to seven months after the conclusion of the termination hearings[,]" the Court holds that "in the instant case, we conclude that respondent has failed to sufficiently demonstrate such prejudice regarding the delay in the entry of the termination order"). In short, it is often unclear why one order is reversed while another is not.

I am troubled by our unexamined assumption that a permissible and appropriate remedy for delayed entry of the termination of parental rights order is to reverse the order and remand for a new hearing. In the usual case, reversal is an appropriate remedy precisely because the error at issue casts doubt on the <u>outcome</u> or verdict in the proceeding. A new trial or hearing is then required to ensure the fairness of the result in a case. In contrast, the delayed entry of an order for termination of parental rights does not cast doubt on the integrity of the decision.

Additionally, reversal of the order with its associated further delay does nothing to remedy the late entry of the termination order. In cases presenting this issue, respondents generally argue that, as a result of the trial court's delayed entry of a termination order: (1) his or her ability to appeal the order was delayed; (2) the child lost the benefit of finality with an adoptive family for some unwarranted months; or (3) the parent's ability to visit with the child was thwarted while awaiting the entry of order on termination. Ironically, this Court's decision to require a new termination of parental rights hearing generally delays finality for at least another year. This compounds the delay in obtaining permanence for the child, and continues the status quo concerning parents' lack of access to their children. Simply put, the "remedy" of reversing bears <u>no relationship whatsoever</u> to the wrong that it seeks to redress.

More significantly, I know of no statutory basis for our authority to reverse in this circumstance. Reversing orders on termination for the trial court's procedural failure to enter an order within

the statutory duration is a draconian result that benefits no one. In the absence of a legislative mandate to do so, we should not continue with a common law rule allowing reversal of these orders as a routine matter.

When the trial court fails to enter an order in a timely fashion, the parties have access both to the trial court and to this Court to bring about the entry of an order. First, the matter may be calendared administratively to inquire about the status of the order and encourage the trial court judge to sign an order.[1] Secondly, every interested person has the option of applying to this Court for a writ of *mandamus.* "*Mandamus* is the proper remedy to compel public officials to perform a purely ministerial duty imposed by law[.]" *In re Alamance County Court Facilities*, 329 N.C. 84, 104, 405 S.E.2d 125, 135 (1991) (citation omitted). N.C. Gen. Stat. § 7A-32(c)) (2005) provides:

> The Court of Appeals has jurisdiction, exercisable by one judge or by such number of judges as the Supreme Court may by rule provide, to issue the prerogative writs, including mandamus . . . in aid of its own jurisdiction, or to supervise and control the proceedings of any of the trial courts of the General Court of Justice[.]

This Court frequently rules on applications for *mandamus* that involve a wide variety of substantive legal matters pending in our district and superior courts. Where a party attempts to prompt the trial court to enter an order, but is unsuccessful in doing so, he should apply to this Court for a writ of *mandamus.* I do not agree that a party who waits passively for the trial court to perform the ministerial duty of entering an order—that which *mandamus* concerns— should be allowed to successfully argue on appeal "prejudice" resulting from the delayed entry of the order. And, as discussed above, I do not believe that reversal for delayed entry of these termination orders, particularly under the current "standards" set forth by our precedent, is the correct result in any event.

I recognize that it is important for our trial courts to faithfully observe the time guidelines set forth in our Juvenile Code. And I

---

1. Indeed, for petitions or actions filed on or after 1 October 2005, N.C. Gen. Stat. § 7B-1110(a) now provides that, if the order on termination is not entered within 30 days following completion of the hearing, a hearing must be scheduled "to determine and explain the reason for the delay and to obtain any needed clarification as to the contents of the order."

respect and understand not only the gravity of cases concerning individuals' fundamental right to parent, but also the interests and concerns of children who need permanence. With the provisions of the Juvenile Code and these considerations in mind, it is my central conclusion that this Court should evaluate the merits of father's appeal in the instant case, and reverse the court order should it be in error, and affirm the order should it be legally correct in all respects.

I concur in the majority opinion only because I am required to do so.