IN RE: A.B.K.
No. COA07-1082
Court of Appeals of North Carolina.
Filed April 1, 2008
This case not for publication
No brief filed for petitioner-appellee, Wilkes County Department of Social Services.
Tracie M. Jordan for Guardian ad Litem.
Janet K. Ledbetter for respondent-appellant.
TYSON, Judge.
W.K. ("respondent") appeals from an order, which terminated her parental rights to her son, A.B.K. We affirm.

I. Background
The Wilkes County Department of Social Services ("DSS") filed a petition and asserted A.B.K. and his older sister, T.N.B. (collectively, "the children") were neglected juveniles. DSS's petition alleged respondent had left the children alone and failed to make arrangements for their care. DSS took non-secure custody of the children on 9 August 2004. The trial court appointed Kathy Lusk ("Lusk") as the children's guardian ad litem ("GAL") on 10 August 2004. The trial court held subsequent review hearings and the GAL submitted reports to the trial court dated 12 September, 11 October, 17 October, and 28 November 2004. Each GAL report was signed by Geoffrey B. Farmer ("Farmer") as "District Administrator." Lusk also signed the 12 September and 28 November 2004 reports as "GAL Volunteer."
On 22 December 2004, the trial court found that "[r]eturn of the children to the home of a parent is contrary to the welfare of the children given the [respondent's] continued drug problems, the absence of one of the fathers, and the present desires of the other father and his lack of contact with his son." The trial court adjudicated the children to be neglected.
Temporary legal and physical custody of the children was placed with DSS. The GAL program submitted a report dated 21 February 2005 to the trial court on which Farmer printed Lusk's name on the signature line on her behalf and signed his own name as "District Administrator." Another GAL report dated 23 March 2006 was submitted to the trial court by Farmer. The report noted that "[t]here is not a GAL volunteer assigned to this case due to a lack of available volunteers."
After more than two years had elasped, DSS petitioned to terminate respondent's parental rights to A.B.K. on 25 September 2006, based upon the grounds of: (1) neglect; (2) willfully leaving the child in foster care for more than twelve months without showing reasonable progress to alleviate the conditions that led to the child's removal; (3) willful failure to pay a reasonable portion of the child's cost of care; and (4) abandonment. The trial court terminated respondent's parental rights to A.B.K. based upon her neglect and willfully leaving the child in foster care for more than twelve months without showing reasonable progress to allevate the conditions which led to the children's removal. Respondent appeals.

II. Issue
Respondent argues the trial court erred when it failed to appoint a new GAL after Lusk's resignation.

III. Standard of Review
"On appeal, our standard of review for the termination of parental rights is whether the trial court's findings of fact are based upon clear, cogent and convincing evidence and whether the findings support the conclusions of law. The trial court's conclusions of law are reviewable de novo on appeal." In re J.N.S., 180 N.C. App. 573, 575, 637 S.E.2d 914, 915 (2006) (internal quotations omitted).

IV. Appointment of GAL
Respondent contends the trial court failed to comply with N.C. Gen. Stat. §§ 7B-601, -1108 when it failed to appoint a new GAL for A.B.K. after Lusk's resignation. We agree.
N.C. Gen. Stat. § 7B-601(a) (2003) states that when, as in the instant case, "a juvenile is alleged to be . . . neglected, the court shall appoint a [GAL] to represent the juvenile." (Emphasis supplied). This appointment, in turn, "shall terminate when the permanent plan has been achieved for the juvenile and approved by the court," although "[t]he court may reappoint the [GAL] pursuant to a showing of good cause upon motion of any party, including the[GAL], or of the court." N.C. Gen. Stat. § 7B-601(a) (emphasis supplied).
N.C. Gen. Stat. § 7B-601(a) requires that an individual be appointed as GAL and does not provide for an ad hoc substitute GAL supplied by the GAL program. The plain language of N.C. Gen. Stat. § 7B-601(a) distinguishes between a GAL and the GAL program. See N.C. Gen. Stat. § 7B-601(a) (2003). The General Assembly did not define GAL as being synonymous with the GAL "program." See generally N.C. Gen. Stat. § 7B-101 (2003) (providing definitions for abuse, neglect, and dependency proceedings). This distinction is further evidenced by N.C. Gen. Stat. § 7B-601(c) (2003), which authorizes the GAL "to obtain any information or reports, whether or not confidential, that may in the [GAL]'s opinion be relevant to the case." Only the appointed GAL, however, shall have access to such information or reports, because "[t]he confidentiality of the information or reports shall be respected by the [GAL], and no disclosure of any information or reports shall be made to anyone except by order of the court or unless otherwise provided by law." N.C. Gen. Stat. § 7B-601(c) (emphasis supplied).
With the appointment of an individual to serve as a juvenile's GAL, a trial court determines the identity of the person tasked with promoting the juvenile's best interests. Because of such an appointment, a juvenile has not only the GAL seeking to protect his or her best interests, but also the GAL program, which includes: the volunteer GAL, the program's staff, and the program's resources. N.C. Gen. Stat. § 7B-1200 (2005). The GAL and GAL program, however, cannot be one and the same for purposes of N.C. Gen. Stat. § 7B-601(a) and the mandatory appointment of a GAL pursuant to N.C. Gen. Stat. § 7B-601(a) is not satisfied by staff members and administrators of a GAL program acting as substitute or "de facto" guardians. Cf. Cepek v. Cepek, 684 N.W.2d 521, 525 (Minn. Ct. App. 2004) ("Because a [GAL] for the children must be expressly appointed by court order, . . . a court-appointed custody evaluator who is not designated as a [GAL] cannot be a `de facto' [GAL]."); see also In re R.A.H., 171 N.C. App. 427, 430, 614 S.E.2d 382, 384 (2005) ("Pursuant to N.C. Gen. Stat. § 7B-1108(d) and § 7B-601, there should have been a [GAL] investigating and determining the best interests of the child from the first petition alleging neglect . . . through the final determination.").
Here, Lusk was appointed as A.B.K.'s GAL. After a year and a half, Lusk was unable to continue her work and resigned as a volunteer with the program. At that point the trial court should have appointed a new GAL to ensure compliance with the statute. The trial court's failure to appoint a new GAL after Lusk's resignation was error.

V. Failure to Assign Error
In its order, which terminated respondent's parental rights, the trial court found as fact that "Farmer[] is the [GAL] for the child." Respondent failed to object to or assign error to the trial court's finding of fact. The trial court's unchallenged finding that Farmer was A.B.K.'s GAL for the termination hearing is binding upon this Court. See In re A.R.H.B. and C.C.H.L, ___ N.C.App. ___, ___, 651 S.E.2d 247, 251 (2007) ("If unchallenged on appeal, findings of fact are deemed supported by competent evidence and are binding upon this Court." (Quotation omitted)).
The trial court's unchallenged findings of fact are conclusive and binding upon appeal that the trial court complied with N.C. Gen. Stat. § 7B-1108(b). Id. The trial court's order which terminated respondent's parental rights is the only order before us on appeal. Any alleged N.C. Gen. Stat. § 7B-601(a) violation with respect to prior court orders or actions not appealed from may not be used to challenge an otherwise valid termination of parental rights order. See In re J.E., 362 N.C. 168, 655 S.E.2d 831 (2008) (holding an order terminating parental rights should be affirmed when the children were represented by a GAL at the termination hearing but were unrepresented during prior hearings not on direct appeal). Respondent's assignment of error is overruled.

VI. Conclusion
The trial court's failure to appoint a new GAL after Lusk's resignation was error. Respondent failed to assign error to the trial court's finding of fact that Farmer was the GAL for A.B.K. The order terminating respondent's parental rights to A.B.K. is affirmed.
Affirmed.
Judge JACKSON concurs.
Judge GEER concurs by separate opinion.
Report per Rule 30(e).
GEER, Judge, concurring.
I agree with the majority that the trial court erred in failing to formally appoint a new guardian ad litem when Ms. Lusk resigned. I stress, however, that nothing in the majority opinion or any of the authority cited in that opinion precludes a court from appointing an employee of the Guardian ad Litem Program to serve individually as a child's guardian ad litem. Because of the overwhelming number of these cases pending in our district courts, it is likely that volunteers may not always be available, as happened in this case. In those instances, the court may have no choice but to appoint a member of the Guardian ad Litem Program. The problem in this case is that the record does not include any formal appointment of Geoffrey Farmer as the guardian ad litem for A.B.K.
As the majority opinion notes, however, the trial court specifically found in its order terminating respondent's parental rights that "Geoffrey Farmer[] is the Guardian Ad Litem for the child." Thus, based on this unchallenged finding of fact, A.B.K. had a guardian ad litem for the termination of parental rights proceeding. To the extent that respondent is contending that the trial court erred in failing to have a guardian ad litem in place for prior proceedings, that argument is foreclosed by In re J.E., ___ N.C. App. ___, ___, 644 S.E.2d 28, 35 (2007), in which Judge Hunter wrote, in a dissent adopted per curiam by the Supreme Court, 362 N.C. 168, 655 S.E.2d 831 (2008): "[W]hen the trial court fails to appoint a GAL in a prior proceeding not on direct appeal, we will not reverse." For these reasons, I concur in the majority opinion.